## CARROLL *v.* REDDINGTON.

Where the district court renders a decree of foreclosure on a mortgage, and awards a special execution, it possesses no power to order a stay of the execution for a given time.

Where a mortgagee comes into court, and asks judgment for his debt, and for a sale of the premises specified in the mortgage, he has a right to require that the security shall be effective, and that his judgment shall be collected within the same time as in an ordinary action.

*Appeal from the Lee District Court.*

TUESDAY, DECEMBER 14.

In February, 1857, the defendant executed his mortgage, to secure to plaintiff the sum of two thousand dollars, due in six months. In August of that year, proceedings were commenced by civil action, to foreclose this mortgage, and in September, 1858, a decree was entered, finding the amount due plaintiff on his mortgage, and awarding a special execution, to be issued on or after the 7th of June, 1859, provided said debt was not sooner paid. To this order, staying the execution for nine months, plaintiff at the time objected, and from it appeals.

*Rankin, Miller & Enster*, for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—The Code provides that the holder of any mortgage, may proceed to foreclose the same by civil action, in the district court, and that if anything is found due the plaintiff, the court shall render judgment therefor, and direct the mortgaged property, or so much thereof as may be necessary, to be sold, to satisfy the amount due, with interest and costs. For this purpose, a special execution shall issue. If the mortgaged property shall not sell for sufficient to satisfy the execution, a general execution shall issue, unless the parties have stipulated otherwise. Any overplus remaining, after satisfying the mortgage and costs, if there are no other liens, are to be paid to the mortgagor. The property sold, as far as practicable, must be only sufficient to satisfy the mortgage. Sections 2083, 4, 5, 9 and 91. It is also provided, that a suit may be brought on the bond or note secured by the mortgage; that the property may be sold on the execution issued thereon; and that the judgment shall be a lien from the date of the recording of the mortgage. Sections 2086–7.

The question has been raised in the argument, whether, after sale, the defendant would have a right to redeem, and if so, within what time. With this, however, we have, for the purposes of this case, nothing to do. The simple question is, whether the court was justified in staying the special execution, provided for in the case, for nine months, or any time after judgment.

The mortgage is in the usual form, and purports to be an absolute sale of the estate, subject to be determined by the payment of the money secured. In the earliest history of the law of mortgages, there was no right of redemption in the mortgagor, after forfeiture; but if the money was not paid by the day limited, the estate became absolute in the mortgagee or grantee. To prevent the consequences resulting from what was esteemed a hard and unjust rule, equity interfered, and permitted the grantor to

redeem after the day limited, by paying the principal, interest and costs. This rule introduced the process of foreclosure, by which the mortgagee, in equity, asked that the right of the mortgagor to redeem might be foreclosed. Following this, and growing out of the enforcement of this remedy, decrees were made for a sale of the premises, to satisfy the sum secured ; and in some of the states of the Union, the plaintiff was placed in possession of the premises, and required to account to the mortgagor for its value.

From this brief summary, we see that the doctrines in relation to mortgages, have been much altered from their first institution. They are now—though having the form of a conditional sale—taken and treated in a court of equity, substantially as mere securities for a debt. This is the light in which they are viewed by our law, as is manifest from the sections before referred to, as also section 1210, which gives to the mortgagor the legal title and right to possession of the premises mortgaged.

When the mortgagee comes into court, and asks judgment for his debt, and for a sale of the premises specified in the mortgage, has he a right to require that this security shall be effective, and that his judgment shall be collected within the same time as in an ordinary action. We think this was the intention of the law.

*First.* This view is sustained by the provision which entitled him to a judgment, and to an order that the premises shall be sold upon special execution ; and that if not sold for sufficient to satisfy the debt secured, a general execution shall issue. Here the proceedings are evidently treated as being of the same nature as those in an ordinary civil action. Nothing is said about the defendant being entitled to time, after the rendition of judgment before execution.

*Second.* If nine months may be given after judgment, before execution can issue, then why not double that time, or as many years. The same argument which would give the time ordered in this case, would justify a still longer

Carroll v. Reddington.

period.   There is no warrant for it in the express language of the law; nor by necessary implication.   If any can be found, it must be derived from the power of a court of equity to allow time for payment, to prevent the sudden loss of the estate to the mortgagor, and consequent injury and injustice.   It must be remembered, however, that under our practice and law, the equity of redemption is not forfeited at once by the judgment; that the mortgagee does not enter at once into the possession, and become invested with the full title, accounting to the mortgagor upon the mortgage debt, for the value of the estate; but that a sale is made—that this sale is public, after full and adequate notice—and that all persons may bid thereat; and that thus, the probability of sacrifice of the estate is removed.

But, *third.*   We see no reason why the parties are not entitled to have their contract performed, according to its terms and conditions.   If the plaintiff had obtained a judgment in an ordinary proceeding, he could, in the absence of a stay, or supersedeas bond, have been entitled to his execution, without delay, and this upon the principle that the court would have no power to stay the process to enforce the collection.   Why shall any different rule obtain in case of a mortgage?   Or what right has the defendant to ask, after agreeing to pay within six months from the date of his contract, for nine months from the date of the judgment?   We are aware of no principle, legal or equitable, upon which such a right can be based.

*Fourth.*   A further argument is of this character.   If plaintiff had sued upon his note, there is no pretence that the court could have ordered a stay of the execution; and yet the judgment, in that case, would have operated as a lien from the date of the recording of the mortgage.   Why then may a different order be made, if plaintiff elects to proceed to foreclosure, and obtain an order of sale?   Not only so, but by sections 2071 to 2082, the plaintiff was authorized to foreclose by " notice and sale "—under which

Carroll v. Reddington.

the sheriff could, by giving the notice required for the sale of like property on execution, dispose of the property, and the parties were not required to proceed by civil action in the district court. These provisions, so far as they relate to real estate, are repealed by chapter 24 of the laws of 1858, 28. We refer to them, however, for the purpose of showing the intention of the Code; for what propriety or reason would there be, in authorizing the plaintiff to fore-close by the same length of notice as under an ordinary execution—and this without judicial proceedings—and yet, after full notice, and trial in the district court, permit his execution to be suspended at the discretion of the judge?

These considerations induce us to conclude, that the or-der made in this case is erroneous. We must determine the question in view of the changes and modifications in-troduced by the Code, and not under the old doctrine, that the decree of the court operated to foreclose the defend-ant's equity of redemption. We must remember that the mortgage is but an incident—a security for the debt; that the sheriff has to sell under execution, at public auction, open to all; and that the chances for injury, or loss to the defendant, are thus necessarily obviated.

The order directing a stay of execution is reversed.