## SNEDAKER V. JONES.

**Intoxicating Liquors**: NUISANCE : LIABILITY OF CHATTELS EMPLOYED : KNOWLEDGE OF OWNER: WHEN AND HOW SHOWN. Plaintiff was the owner of· certain chattels used in a building where intoxicating liquors were unlawfully sold. The nuisance arising therefrom was enjoined, and, under an execution issued upon a judgment for costs in the case, the said chattels were seized and sold. Plaintiff was not a party to the injunction suit, and he now brings this action to recover the value of the chattels, on the ground that it was not adjudicated in that case that the chattels were used in the unlawful traffic *with his knowledge*. *Held* that the chattels were liable, if they were so used with his knowledge, without an adjudication of that fact ; but that the officer took them at his peril, and had the burden of establishing the guilty knowledge, when called upon so to do, in an action against him for the goods or their value. ( Compare *Polk County v. Heirb*, 37 Iowa, 361, and *Cheadle v. Guiltar*, 68 Iowa, 680.)

*Appeal from Union District Court.*—HON. J. W. HARVEY, Judge.

FILED, MARCH 12, 1888.

ACTION to recover of defendant the value of personal property taken and sold by him under process issued on a judgment in favor of the state of Iowa against R. H. Dillow. Trial to the court. Judgment for the defendant, and plaintiff appeals.

*D. W. Higbee* and *R. H. Hanna*, for appellant.

*J. B. Sullivan*, for appellee.

SEEVERS, C. J.—This case was submitted to the district court upon the pleadings and an agreed statement of facts, and therefrom it appears that an action in equity was commenced in the superior court of Creston to enjoin a nuisance created by the sale of intoxicating liquors by R. H. Dillow and August Doge, in or upon a certain building or premises sufficiently described. The court found that the existence of the nuisance had been established, and enjoined the same. A judgment was also entered against Dillow and Doge for costs, which was adjudged to be a lien on the personal property used in said building in carrying on the unlawful business. A special execution was issued on the judgment, and certain property used in the building was seized and sold by the defendant under said process. The plaintiff, claiming to be the owner of such property, brought this action, to recover the value thereof. It must be conceded that he became the owner of such property before the rendition of said judgment, and that he was not a party to the action in which the judgment was rendered. It is provided by statute that all property used as that in question was, with the knowledge of the owner or his agent, shall be liable for the payment of the judgment and costs in any proceeding brought for a breach of or to enforce the statute prohibiting the unlawful sale of intoxicating liquors. Chapter 66, sec. 12, Laws 21st Gen. Assem.; Code, sec. 1558. As the plaintiff was not a party to the judgment rendered by the superior court of Creston, it cannot be said to be an adjudication binding on him that he had knowledge that the property in question was used as above stated. Therefore, when the defendant seized it on the process issued on such judgment, he did so at his peril, and took upon himself the burden of establishing that the property was liable to be seized under the process in his hands. If he has done this, then the plaintiff is not entitled to recover. This is the holding in *Polk County v. Heirb*, 37 Iowa, 361. See, also, *Cheadle v. Guittar*, 68 Iowa, 680. The agreed statement of facts

shows that R. H. Dillow was acting as a clerk of the plaintiff, and sales of intoxicating liquors were made by the former in a building in which the property to recover for which this action was brought was situated and used. The plaintiff was a witness in the action against Dillow. The foregoing, and the character of the property, justified the district court in finding that it was used in the building for the purpose of violating the prohibitory law, and counsel for the appellant do not claim otherwise. Their contention, if we understand them, is that there must be an adjudication by some competent court that the plaintiff had the requisite knowledge, before the property can be seized. This is not the law, but such fact must appear before the plaintiff can be deprived of his property, or its value; it being sufficient if he has had a day in court, and may bring an action to vindicate and enforce his rights before he can finally be deprived of his property. This action is brought for that purpose, and it is made to appear herein that the property in question is liable to be appropriated to the payment of the judgment.

AFFIRMED.