IN THE MATTER OF APPLICATION FOR A PERMIT OF LOUIS THOMA
    TO BUY, KEEP AND SELL INTOXICATING LIQUORS.    JEF-
    FERSON COUNTY.

Res judicata:  VIOLATION OF LIQUOR LAW:  *Decree by consent.*
    Where defendant in a suit to enjoin the illegal sale of intoxi-
    cating liquors agreed, "in a spirit of compromise," and to
    avoid litigation, and without expressly acknowledging any
    civil or criminal liability to surrender the pharmaceutical liquor
    permit then held by him, to let the injunction issue as prayed,
    with costs, and to obey the law in the future, on condition
    that no further prosecution be instituted or encouraged against
    him, the decree entered was as much an adjudication of his guilt
    as if it had been entered after a hearing on the evidence, and was
    conclusive, against defendant in a subsequent application by
    him within two years after such decree for a pharmaceutical
    liquor permit, under the statute requiring the applicant for
    such permit to plead and prove that he has not been adjudged
    guilty of any violation of the liquor law within two years
    next preceding such application.

PARTIES:  *Stipulations in decree.*  A stipulation in a decree en-
    tered by consent against defendant in a suit to enjoin the
    illegal sale of intoxicating liquors, that it should not prevent
    defendant, in the future, from obtaining a liquor permit, was
    ineffective, in a subsequent application by defendant for such
    permit, as against contestants who where not parties to the
    former suit, to avoid the operation of the statute requiring the
    applicant for such a permit to show that he has not previously
    violated the liquor law.

*Appeal from Jefferson District Court.*—HON. FRANK W.
                    EICHELBERGER, Judge.

·FRIDAY, MAY 23, 1902.

THE applicant was granted a permit to sell intoxicat-
ing liquors for pharmaceutical and other purposes.  Re-
monstrants appeal.—*Reversed.*

*Ranney & Simmons* and *A. G. Jordan* for appellants.

*Leggett & McKemey* for appellee.

LADD, C. J.—The statute requires the applicant for a permit to plead and prove that "he has not been adjudged guilty of any violation of the law relating to intoxicating liquors within two years next preceding the making of his application." The plaintiff's petition was filed August 7, 1900. February 2d of that year, with his then partner, he had been temporarily enjoined, upon hearing, from keeping for sale or selling intoxicating liquors in the identical place described in his application for a permit; and on April 17th this injunction was made perpetual. True, the last decree was entered by consent; but, because of this, it was not any the less an adjudication, for the purposes of that case, than if the result of a hearing on the merits. 21 Am. & Eng. Enc. Law, 267. While the applicant and his partner did not, in that suit, expressly acknowledge "any civil or criminal liability," and proposed, ostensibly "in the spirit of compromise," and to avoid litigation: First, to surrender a permit then held by Thoma; second, that the writ of injunction issue as prayed, and costs, including attorney's fee, be paid by them; third, to obey the law in the future; and, fourth, all these things upon the condition that no further prosecution be instituted or encouraged against them, and that they have 30 days to dispose of any stock of liquors on hand at wholesale, or retain the same to be sold as permitted by registered pharmacists according to law,—yet guilt is nowhere denied, and the remedy consented to necessarily implied the admission of having maintained a place wherein intoxicating liquors had been either illegally kept for sale or sold. In other words, without expressly owning up to the charges made against them, they consented to precisely such a decree as would have been entered had

the charges been fully proven upon trial.   It is elementary law that such a decree is as much an adjudication as though hearing had been had on evidence introduced and argument.   By consenting to it, all defenses were waived, and, regardless of the terms in which the agreement was clothed, the allegations of the petition essential to be established in order to justify the relief granted were thereby at least impliedly admitted.   See Black, Judgment, sections 615, 693, 694.   The justice of this conclusion is illustrated by the facts of the case.   The evidence shows conclusively that the applicant, although then holding a permit, had made illegal sales of intoxicating liquors to two persons, at least, and probably another one, before the temporary writ of injunction was issued, and therefore any defense he might have interposed must inevitably have failed.   The decree, however, contained the condition that "it is understood and argeed that this decree shall not operate to prevent said Bradshaw & Thoma (A. C. D. Bradshaw and Louis Thoma) from in the future securing a permit for the lawful sale of intoxicating liquors."   If it should be conceded that this agreement is entitled to some consideration as between the parties to the decree, it certainly can be given no effect as between these remonstrants and the applicant.   The statute denies to any one a permit to sell intoxicating liquors within two years after such an adjudication, and it was not within the jurisdiction of the court to determine what effect should be given its decree in another and entirely distinct and independent action.   In view of our conclusion, other matters argued need not be considered.   The permit should have been denied.—REVERSED.