IN THE MATTER OF THE APPLICATION OF T. F. WILHELM
    FOR PERMIT TO BUY, KEEP, AND SELL INTOXICATING
    LIQUORS.

Intoxicating liquors: GRANTING PERMITS: INELIGIBILITY. A judg-
    ment, finding defendant guilty of violating his liquor permit,
    whether entered by confession or in settlement of criminal or civil
    proceedings growing out of such violation, renders him ineligible to
    receive another permit within two years, under Code, section 2387.

*Appeal from Madison District Court.*— HON. A. W. WIL-
KINSON, Judge.

MONDAY, JUNE 13, 1904.

THE application for a permit being granted by the dis-
trict court, the remonstrants appeal.— *Reversed.*

*C. A. Robbins,* County Attorney, for appellants.

*John A. Guiher,* for appellee.

PER CURIAM.— The application in this case was filed
January 24, 1902, and the matter came on for hearing before
the trial court February 4, 1902. It was shown on the trial
that permit had been issued to the applicant in the year 1900,
and that on May 13, 1901, said applicant surrendered the
same for cancellation for reasons stated in his testimony.
He says: "The principal reason why I surrendered my per-
mit — I supposed I would have to surrender it anyway, and I

surrendered it in order that an injunction would not be filed against me, and supposed there was an indictment against me for selling liquor, but I have heard nothing from the indictment since." It further appears in the record that. at the April, 1901, term of the district court of Madison county a civil action was brought against said Wilhelm, charging him with the unlawful keeping and selling of intoxicating liquors, and asking that the nuisance thereby created be enjoined. To this action Wilhelm appeared, and on March 13th, after a hearing by the court, a decree was entered sustaining the charge against him, and permanently enjoining him from the selling of intoxicating liquors, or keeping the same for sale, except such as he, as a registered pharmacist, might lawfully keep for the compounding of medicines. It will be noted that the surrender of the permit and the rendering of this decree are of the same date, and, while it is not so stated in terms, we may fairly conclude from the record that by some sort of compromise the permit was given up and decree entered without contest by the accused, and, on the other hand, the State dismissed or abandoned further proceedings under the indictment. Now, it is a provision of the statute governing the issuance of liquor permits that no application shall be granted unless, among other things, it be made to appear that the petitioner " has not been adjudged guilty of any violation of the laws relating to intoxicating liquors within two years next preceding the making of his application." Code, section 2387. If the record before us were silent on this subject, we might, perhaps, assume that the trial court had investigated the record of the petitioner in this respect and found it clear; but it appears affirmatively and without contradiction that, within less than a year prior to the hearing below, Mr. Wilhelm had been adjudged guilty. of violating the permit he then held. That such judgment was in a civil action, or that it was entered by consent, or as a settlement or compromise of the civil and criminal proceedings then pending, is immaterial. The judgment is a judicial finding that

he had violated the law, and the effect of it was to make him ineligible to receive a permit for a period of two years thereafter. See *Application of Thoma,* 117 Iowa, 275. For that reason, his application should have been denied.

Other questions argued are governed by the decision rendered at the present term in the *Applications of W. J. Henery* and others, 124 Iowa, 358, and need not here be further considered.

For the reasons stated, the order of the trial court granting a permit to the applicant is REVERSED.