IN THE MATTER OF THE APPLICATION OF E. F. SMITH, for a permit to buy, keep and sell intoxicating liquors.

**Intoxicating liquors:** TRIAL OF APPLICATION FOR PERMIT: APPEAL. The trial of an application for a liquor permit, to which objections are filed, is a special action or proceeding in which the remonstrants have such an interest as entitle them to appeal from an order granting the permit.

**Pleadings:** EVIDENCE. An applicant for a permit to sell liquor must allege and prove that he has been lawfully conducting a pharmacy for the six months preceding, and where it appears that he has recently surrendered a permit after an action for its revocation had been instituted, he should probably be required to allege and prove that he has not knowingly made unlawful sales for two years prior to his application. Evidence held insufficient to authorize the granting of a permit.

*Appeal from Kossuth District Court.*— HON. W. B. QUAR-TON, Judge.

THURSDAY, DECEMBER 15, 1904.

THE applicant was granted a permit, and the remonstrants appeal.— *Reversed.*

*Ryan, Ryan & Ryan,* for appellants.

*George E. Clarke,* for appellee.

SHERWIN, J.— A motion to dismiss the appeal was submitted with the case, without argument thereon by either side, and we shall first consider the several points made

therein.   The appellants contested the application for a per-

**1. TRIAL OF AP-PLICATION FOR PERMIT: appeal.** mit by filing a written remonstrance under the provisions of section 2389 of the Code, where-upon a trial was had upon the petition and remonstrance, and after a full hearing the permit was granted, and an appeal perfected by the remonstrants.   The motion to dismiss is based upon the contention that an appeal does not lie in these cases, and that the contestants have no interest in the proceeding entitling them to an appeal. The section of the statute to which we have referred expressly provides that any citizen of the county wherein the application is made may offer and file a remonstrance or objections to granting the permit, and that when a remonstrance is so filed a trial shall be had and the issue be determined by the court.

The statute in question, so far as the point now under consideration is involved, is practically the same as section 1530 of the Code of 1873, which provided for the granting of permits to sell intoxicating liquors by the board of super-visors of the county, and under that statute we held that a remonstrant became, in effect, a party to the proceeding, with the right to have it reviewed and the errors and irreg-ularities therein corrected.   *Darling v. Boesch,* 67 Iowa, 702.   The second clause of section 4101 of the Code pro-vides for an appeal from " a final order made in special actions affecting a substantial right therein."   We think there can be no question that the trial of an issue of this kind is a special action or proceeding, or that the granting of or the refusal to grant a permit is a final order within the meaning of the statute.   We so held, in effect, in *State of Iowa v. Schmidtz,* 65 Iowa, 556.   Furthermore, we held therein that an appeal would lie.   The motion to dismiss is therefore overruled, as is also the motion to strike the ab-stract.

While it is true that the matter of issuing permits is one which must of necessity be left largely to the sound discre-

tion of the trial court, it is still the duty of this court to see that the requirements of the statute have been fully met before a permit shall issue. The statute requires the applicant to allege in his petition and to prove that he has been lawfully conducting a pharmacy for the six months last past, and in this we think the applicant signally failed. It is true there was no formal revocation of the permit which he had shortly before held, but the fact that he surrendered it under pressure after an action for its revocation had been instituted should have been sufficient ground for denying this application, especially in view of the fact that there was no attempt upon his part to prove that his pharmacy had been conducted in a lawful manner as far as the sale of intoxicating liquor was concerned. In fact, his own testimony was practically an admission that he had been unable to so conduct it. We are also inclined to the opinion that the surrender of his permit, under the circumstances shown, amounted, in effect, to a revocation thereof within the meaning of the statute, and that he should have alleged and proven that he had not knowingly been engaged in the unlawful sale of liquor within the last two years next before making the application. See *In re Thoma,* 117 Iowa, 275; *In re Wilhelm,* 124 Iowa, 380; *In re Henery,* 124 Iowa, 358. But whether this be so or not, the surrender was made under circumstances indicating very strongly that the applicant did not wish to chance the result of a trial, and, as we have said, was a strong circumstance tending to show that he had not been lawfully conducting his business, and, considered with the other evidence in the case, almost conclusively proved that the applicant was not entitled to a permit because he had failed to furnish the proof required.

We are of opinion that a mistake was made in granting a permit in this case, and the judgment is *reversed.*

2. PLEADING: evidence.