In the Matter of the Application of H. C. Moore for a permit to buy, keep and sell Intoxicating Liquors.

**Granting of Druggist Permit: DISCRETION.** The question of whether the public convenience and necessity render it proper to grant a druggist's permit is to be determined by the trial court in the exercise of its discretion, and where there has been no abuse of discretion its finding will be upheld.

**Same: EVIDENCE.** The opinions of witnesses as to the necessity of granting a permit are admissible, where they have stated the facts with reference to the matter.

**Same: REVIEW ON APPEAL.** An appeal from the findings of fact by the trial court on an application for a druggist's permit will be determined as a law action, and its judgment will only be interfered with when unsupported by the evidence.

*Appeal from Calhoun District Court.*—HON. F. M. POWERS, Judge.

THURSDAY, DECEMBER 17, 1908.

ON the hearing of an application by H. C. Moore, a registered pharmacist, for a permit to buy, keep and sell intoxicating liquors, which was resisted by residents of the county filing remonstrances, the court found that notice of the application had been properly given, and that the allegations of the applicant as to his qualifications were sustained by the evidence, and further that the reasonable convenience and necessities of the people, considering the population and all the surroundings, made the granting of a permit proper. From the judgment of the court granting such permit as requested, the remonstrants appeal.— *Affirmed.*

*F. F. Hunter* and *M. W. Frick,* for appellants.

No appearance for appellee.

McCLAIN, J.—The question whether "the reasonable convenience and necessities of the people, considering the population and all the surroundings, make the granting of the permit proper" (Code, section 2389) is one to be determined by the trial court under the evidence, in the exercise of a sound discretion and judgment, and if it does not appear from the record that such discretion has been abused, the finding of the court hearing the application should be sustained. *In re Application of Henery,* 124 Iowa, 358. While there may properly be said to have been some question as to the necessity of granting an additional permit for the sale of intoxicating liquors in Rockwell City, where the applicant was engaged in the business of conducting a drug store, there is ample evidence to sus-

tain the finding of the court, and we would not be authorized to interfere.

The claim on the part of appellants that the witnesses were improperly allowed to give their opinions on this subject is without force. The witnesses stated the facts with reference to which the court was called upon to act in this respect, and in no other way, so far as we can see, could the court have been advised of the situation so as to have been enabled to exercise properly the discretion vested in it by the statute.

The only controversy with reference to the qualification of the applicant was as to whether intoxicating liquor had been unlawfully sold or kept for sale in his place of business. On this question there was also a conflict in the evidence, but such conflict was to be determined by the trial court, and its finding must be sustained on this appeal unless unsupported by the evidence. The proceeding is a special one; and, in the absence of a provision that the trial therein shall be as in an equity case, so that on appeal this court is authorized to determine the question *de novo* on the record, we can properly interfere with the judgment only where there is a manifest abuse of discretion by the trial court. *In re Application of Smith,* 126 Iowa, 128; *In re Application of Henery, supra.* We find no such absence of evidence to support the court's finding as would justify us in setting it aside.

The judgment of the trial court granting the permit is therefore *affirmed*.