D. T. DENMEAD, Plaintiff, v. J. M. PARKER, Judge of the 17th Judicial District of Iowa, Defendant (In the Matter of the Case of the STATE OF IOWA, EX REL. Jos. H. EGERMAYER, County Attorney, Plaintiff, v. W. H. MUELHAUPT ET AL., and certain described real property, Defendants).

D. T. DENMEAD, Plaintiff, v. J. M. PARKER, Judge of the 17th Judicial District of Iowa, Defendant (In the matter of the Case of the STATE OF IOWA, EX REL. Jos. H. EGERMAYER, County Attorney, Plaintiff, v. C. SCHMITZ ET AL., and certain described real property, Defendants).

**Intoxicating liquors:** INJUNCTION: DECREE. In the case of a liquor nuisance the court is not limited to a perpetual injunction against the sale or keeping for sale of intoxicating liquors in any manner or form within the judicial district, but may enter a decree against the *unlawful* selling or keeping of liquor for sale on the premises or within the judicial district.

**Same.** Consent to an injunction restraining a liquor nuisance is an implied admission of having kept for sale or having sold intoxicating liquor in violation of law; and the entry of a decree is an adjudication of the fact of having maintained a nuisance; and the prohibitions in the decree will be construed with reference to the decree itself, in the light of the pleadings, and not with respect to any oral understanding of the parties regarding the same: And the fact that the owner of premises on which a nuisance was maintained was not made a party will not prevent an appropriate decree against his lessees and those holding under them.

**Same:** COSTS AND ATTORNEY FEES : ESTABLISHMENT OF LIEN. The premises upon which a liquor nuisance has been maintained can not be subjected to a lien for costs and attorneys fees in case an injunction is entered, unless the owner has had notice of the suit and an opportunity to be heard.

**Same:** *Certiorari.* Where the owner of premises is made a party to a suit to enjoin the maintenance of a liquor nuisance, the entry of a decree without a hearing is not void for want of jurisdiction, but is erroneous merely; and the error can be corrected by a hearing of the issues presented by the petition and the answer of such owners, or on appeal, so that the act of the court will not be reviewed on *certiorari.*

**Same.** The owner of premises not served with notice of an action to abate a liquor nuisance can only complain, in a *certiorari* proceeding, of that portion of the decree directing the issuance of a writ of abatement against the premises and establishing a lien for costs thereon.

TUESDAY, FEBRUARY 8, 1910.

FOUR suits to enjoin the maintenance of liquor nuisances were begun in the name of the state by the county attorney. In the first, or that against Muelhaupt, Van Buskirk et al., the owners of the premises in which intoxicating liquors were alleged to have been kept for sale and sold in violation of the law were named as defendants, but not notified of the pendency of the action. In the second, that against Schmitz, Hiser et al., and in the third, that against Bartley et al., the owners of such premises were not named as parties. In the fourth, that against Gifford, Kelly et al., the owners of such premises were alleged to be Calvin H. Forney and Chas. M. Forney. The former was not notified of the pendency of the action. The latter filed an answer. The suit first mentioned was begun June 30, 1909, and the last on June 11th of the same month. The petitions in the other two were filed on October 7, 1909. On the day last mentioned by agreement of all parties, except the owners of the premises, a decree was entered in each case providing among other

things that "the defendants above named, their agents, clerks, employees, assistants, lessees and servants, and other persons whomsoever are hereby perpetually enjoined from keeping, carrying on or maintaining a nuisance upon the .premises hereinafter described by keeping thereon or therein any intoxicating liquors, with intent unlawfully to sell the same, or by selling the same thereon or therein contrary to law, or permitting the same to be used or kept with intent to unlawfully sell or selling the same therein contrary to law, and this injunction must be strictly obeyed and respected within the limits of the seventeenth judicial district of Iowa, the above named being enjoined from keeping intoxicating liquors with intent to sell, or selling the same within said district contrary to law."    Judgment was rendered against the defendants consenting for the costs including attorney's fees.    "And the said judgment is made a special lien on the premises enjoined." The premises in each case were particularly described, and execution was directed to issue thereon.    It was "further ordered that the order of abatement may issue two days later."    Information was filed accusing the proprietor of each place of contempt in having kept for sale and sold intoxicating liquors in violation of the terms of the writ of injunction, and upon citation each filed objections thereto. On October 23d, D. T. Denmead, a resident and taxpayer of Marshall County, filed his petition alleging that the district judge had exceeded his authority in entering the decrees in the first three cases mentioned, and on the same day C. M. and C. H. Forney filed a like petition challenging the jurisdiction of the said judge in the last case.    Issues were joined, and the four cases were submitted together.    Original judgments affirmed in part, modified and affirmed in part, and dismissed in part.

*Binford & Farber,* for plaintiffs.

*H. W. Byers,* Attorney-General, *George Cosson,* and *Jos. H. Egermayer,* County Attorney, for defendant.

LADD, J.—The plaintiff in each of the first three suits had no interest in or title to the premises on which the alleged liquor nuisances are said to have been ·maintained. For this reason he can not be heard to complain of the portions of the several decrees which establish the judgments for costs as liens on the premises. But, in the fourth suit, the plaintiffs, C. M. and C. H. Forney are owners of the premises and are entitled to relief, if the decree in this respect is illegal and the procedure adopted is available. It is conceded that plaintiff in the first three suits as well as plaintiffs in the last may challenge the validity of the decrees in all other respects. See *Hemmer v. Bonson,* 139 Iowa, 210.

I. Each decree perpetually enjoined the defendants consenting thereto "from keeping, carrying on or maintaining a nuisance upon the premises hereinafter described,

1. INTOXICATING LIQUORS: injunction: decree.

by keeping thereon or therein any intoxicating liquors with intent unlawfully to sell the same, or by selling the same thereon or therein contrary to law, or permitting the same to be used or kept with intent to unlawfully sell, or selling the same thereon or therein contrary to law, and this injunction must be strictly obeyed and respected within the limits of the seventeenth judicial district of Iowa, the defendants above named being enjoined from keeping intoxicating liquors with intent to sell, or selling the same within said district contrary to law." The language is criticised in that only the unlawful sale or keeping for sale is enjoined; the plaintiffs asserting that the district court was powerless to enter a decree that enjoined defendants "in any manner except perpetually against the sale or keeping for sale of intoxicating liquor in any manner or form within the seventeenth judicial district." Upon the adjudication that

defendants therein were maintaining a nuisance, any possible sale or keeping for sale of intoxicating liquors by them within five years under the mulct law or two years as registered pharmacists would be unlawful, and so the decree as entered was as conclusive within the periods named as though no limitation on the character of the selling or keeping for sale had been prescribed. After the lapse of two years such a decree does not prevent the granting of a permit to sell or keep for sale as a registered pharmacist (section 2387, Code), nor after five years is it an obstacle to the operation of a saloon under the mulct law (chapter 142, Acts 33d General Assembly). See *Rink v. Bollinger*, 145 Iowa, 581. Moreover, the statute authorizes an injunction against the maintenance of a nuisance (section 2405, Code), and the lawful sale or keeping for sale never constitutes a nuisance. *Landt v. Remley,* 113 Iowa, 555. In *Hemmer v. Bonson*, 139 Iowa, 210, relied on by plaintiffs, this court declared the district court without authority to enter a decree authorizing the continuance of a liquor nuisance, saying that "if the defendants were selling liquor in violation of law, as charged by the plaintiff, there was but one thing which the court was at liberty to do, and that was to enjoin such parties absolutely from the further prosecution of the business in any manner or form. If they were not maintaining a nuisance, then no relief should have been granted." Manifestly the business, the prosecution of which it was there said should be enjoined, was that of selling liquor in violation of the law. So that, as selling or keeping for sale on the premises after two or five years may be lawful and only the unlawful selling or keeping for sale constitutes a nuisance, the court rightly worded the decree so as to perpetually enjoin only the unlawful keeping for sale or selling of intoxicating liquors.

II. The decrees were entered against the several lessees operating the saloons and their employees. By

consenting thereto the defendants impliedly admitted hav-
ing maintained places wherein intoxicating
liquors had been either illegally kept for
sale or sold. *In re Thoma,* 117 Iowa, 275; *In re Applica-
tion of Wilhelm,* 124 Iowa, 381. The entry of the decree
was an adjudication that the defendants had been guilty
of maintaining nuisances and the prohibition therein must
be construed with reference thereto. It is not material
what the oral understanding of the parties may have been
nor what construction they may have given the decrees.
These are to be viewed in the light of the pleadings and,
when this is done, no construction is open save that de-
fendants were thereby adjudged guilty of having main-
tained liquor nuisances and were enjoined from perpetrat-
ing like offenses thereafter. See *Hemmer v. Benson,
supra; Hammond v. King,* 137 Iowa, 551; *Lewis v. Bren-
nan,* 141 Iowa, 585. That the owners of premises alleged
to have been used unlawfully have not been made parties
furnished no obstacle to the entry of appropriate decrees
against the lessees and those under them. *Drake v. Kings-
baker,* 72 Iowa, 443; *Morgan v. Koestner,* 83 Iowa, 136.

2. SAME.

Section 2422 of the Code, authorizes the establish-
ment of the judgment for costs, including attorney's fees,
as a lien on the premises providing the unlawful use of
the premises was with the knowledge of the
owner or that of his agent, and, as contend-
ed, such knowledge may be inferred from
circumstances. But it does not follow that
the property may be destroyed or subjected to the pay-
ment of costs, including attorney's fees, without notifying
the owners thereof and affording them an opportunity to
be heard. Several decisions of this court have proceeded
on this theory. *Shear v. Green,* 73 Iowa, 688; *Snedaker
v. Jones,* 74 Iowa, 235; *Danner v. Hotz,* 74 Iowa, 389.
The principle is fundamental and no argument is re-
quired for its vindication.

3. SAME: costs and attorney fees; estab-lishment of lien.

III.   In the last action only, do the owners of the premises alleged to have been illegally used complain. Though named in the petition for injunction, C. H. Forney was not made a party by the service of an original notice. *Hicks v. Williams,* 112 Iowa, 691.   C. M. Forney filed an answer, but as to him there was no hearing.   As seen, the portion of the decree declaring the judgment a lien on the premises and that the writ of abatement issue against the same was erroneous, and the only remaining inquiry · is whether *certiorari* is the appropriate remedy.   As to C. H. Forney who was without notice, the case is ruled by *Le Grand v. Fairall,* 86 Iowa, 211, and, as the portion of the decree complained of was without jurisdiction as to him, the proper remedy was by *certiorari.*   See, also, *Berkey v. Thompson,* 126 Iowa, 394; *Bardes v. Hutchinson,* 113 Iowa, 610.   C. M. Forney was a party and had answered and, notwithstanding this, the court, without a hearing, entered a decree as prayed against the property.   But the court had jurisdiction of the party and of the subject-matter and, at most, the procedure was irregular and erroneous, and such as might have been corrected on the hearing of the issues joined by the petition and the answer of this defendant or upon appeal to this court.   In these circumstances, a remedy by *certiorari* was not available to him.   *Ferguson v. Incorporated Town of Rolfe et al.,* 119 Iowa, 342; *Oyster v. Bank,* 107 Iowa, 39; *Ransom v. Cummins,* 66 Iowa, 137.   Of course, all interested in the land should have been made parties defendant, but exception on this ground might have been interposed by C. M. ·Forney in the district court or for the first time on appeal.   *Danner v. Hotz,* 74 Iowa, 389.   The omission of a necessary party is not a jurisdictional defect.   *Tod v. Crisman,* 123 Iowa, 693.   C. H. Forney can only complain in this proceeding of the portion of the decree affecting his interest as tenant in common and directing the issuance of a writ of

*4. SAME: certiorari.*

abatement against the premises, and declaring the judgment for costs a lien on his interest in the premises. In these respects the decree of the district court will be corrected, but otherwise allowed to stand. See section 4160, Code.

The result is that the rulings complained of in the first three suits insofar as considered are affirmed at the cost of the plaintiff therein. In the last suit, insofar as

5. SAME.
C. M. Forney is concerned, the petition is dismissed and one-half of the costs therein taxed to him; and on the petition of C. H. Forney the decree of the district court is corrected, so that the order of abatement shall not run against the premises, and judgment for costs shall not be a lien on his interest therein, the other half of the costs being taxed to plaintiff in the injunction proceedings.

First three cases *affirmed;* fourth case *dismissed* as to C. M. Forney, and *modified* and *affirmed* as to C. H. Forney.