## C. D. Boynton, Plaintiff, v. Z. A. Church, Judge, Defendant.

**Appeal:** STAY OF PROCEEDINGS. An appeal does not stay proceedings on the judgment appealed from except a *supersedeas* bond is given; and a provision in a decree of foreclosure suspending process and sale pending an appeal is not effective.

**Same:** REVIEW OF ERRONEOUS ORDER. The court has jurisdiction in

2  the matter of a stay of execution and though its order may be
erroneous there is an adequate remedy by appeal, and hence the
error is not reviewable by *certiorari.*

**Same:** DISCRETION. Although the matter of staying proceedings pend-
3  ing appeal might be discretionary, in the absence of statutory
regulation, still this is not true where the precise method for stay-
ing procees is prescribed by the statute.

PROCEEDINGS in certiorari.   Petition *dismissed.*

FRIDAY, JULY 8, 1910.

,*W. C. Saul,* for plaintiff.

*L. H. Salinger,* for defendant.

LADD, J.—Upon entering the decree in the district
court in *Boynton v. Salinger,* 147 Iowa, 537, the defendant
as presiding judge caused to be inserted the following
clause: "Process upon this decree is to be suspended, and
no sale is to take place pending appeal, provided that
appeal be perfected within thirty days after the entry of this
decree." Thereafter a motion to expunge the clause from
the decree was overruled. It is contended in this pro-
ceeding that in inserting said clause the trial court exceeded
its jurisdiction. The effect of the order was upon appeal
to supersede the judgment without bond. That the ruling
was erroneous must be conceded. *Carroll v. Reddington,*
7 Iowa, 386; section 4128, Code. An appeal does not
operate to stay proceedings on the judgment appealed from
save upon the execution of a supersedeas bond. Section
4128, Code. "If a party has perfected his appeal and the
clerk of the lower court refuses to approve the bond or re-
quires an excessive penalty, or unjust or improper condi-
tions, he may apply to the district court or judge thereof
who shall fix the amount and conditions of the bond and
approve the same. Pending the application, the judge may,

by written order, recall and stay all proceedings under the order or judgment appealed from until the decision of the application." Section 4132, Code. The following section authorizes the district court rendering the judgment or order appealed from on motion to discharge the bond for defect in substance or insufficiency in security. Section 4134 provides that: "If the judgment or order is for the payment of money, the penalty shall be in at least twice the amount of the judgment and costs. If not for the payment of money, the condition shall be to save the appellee harmless from the consequences of taking the appeal, but in no case shall the penalty be less than one hundred dollars."

These sections clearly authorize the district court to supervise the execution of supersedeas bonds, and, power to do so having been conferred, the exercise thereof is not without jurisdiction, even though the order or ruling in a particular case may have been erroneous. In staying process on the decree in violation of the statute, the district court erred; but, as the order was within its jurisdiction, and there was a plain, speedy and adequate remedy by appeal, the error was not reviewable by certiorari. *Denmead v. Parker,* 145 Iowa, 581. In the absence of statutory regulations, it may be that the matter of staying proceedings pending appeal is discretionary. *Ex parte Epley,* 10 Okl. 631 (64 Pac. 18); 2 Cyc. 891. But not so where precisely what is requisite to stay process is prescribed by statute. *Winter v. Coulthard,* 94 Iowa, 312, merely recites the effect of an order without approving it; the syllabus being misleading in this respect.

The petition is *dismissed.*