### NOAH W. PIKE v. MARY VAN RIPER.

1. The defendant's written promise to pay the debt of A will not bind him to pay anything, if the only evidence of A's debt is A's written promise to pay.
2. The defendant's written promise to pay the debt of another has no legal validity, if there be no evidence of consideration outside of the promise itself.

On *certiorari*.

Argued at June Term, 1894, before Justices Dixon, Reed and Abbett.

For the plaintiff in *certiorari*, *Jackson & Angleman*.

For the defendant in *certiorari*, *George W. De Meza*.

The opinion of the court was delivered by

Dixon, J. This *certiorari* brings up a judgment of the Union County Common Pleas, affirming, on appeal, a judgment rendered against the prosecutor in a court for the trial of small causes.

Among the reasons assigned for reversal is one that the facts found by the Common Pleas show the contract sued on to have been illegal.

The plaintiff's state of demand claimed of the defendant below the sum of $75, upon the latter's special agreement in writing to pay the debt of another, but did not set forth how that debt accrued. The prosecutor here ruled the Common Pleas to certify what that court found proved in regard to the consideration of the contract sued on, and in answer the court certified "a promise in writing to pay the amount."

Under these circumstances, the court should have decided that the "contract" was without legal force.

If the certificate means that there was no consideration for the defendant's "contract" except such as might be implied in his written promise to pay, then his "contract" was *nudum pactum,* for, outside of commercial paper, unsealed promises do not imply any legal consideration. If it means that what the state of demand described as the debt of another was merely the written promise of that person to pay, then this was *nudum pactum,* and could not form a legal consideration for the defendant's "contract," neither of these promises affording any evidence of benefit to the promisor or detriment to the promisee, or to any other person, without which such promises have no legal vitality.

The judgment of the Common Pleas must be reversed.