ELIZABETH HEMMER, Petitioner, v. ROBERT BONSON, JUDGE OF THE DISTRICT COURT, Respondent.

Certiorari: WHO MAY INSTITUTE PROCEEDINGS. While it may be the
1. general rule that *certiorari* will not issue at the suit of one not a party to the action in which the judgment or order sought

to be reviewed was entered, still if the petitioner was a party in substance, though not in form, or if the matter to be reviewed affects the public in general, or if the petitioner suffers an injury peculiar to himself, he may invoke the remedy.

**Same:** LIQUOR NUISANCE: REVIEW OF DECREE. Any citizen may bring an action to enjoin a liquor nuisance on behalf of the public, but he has no power to consent to an unauthorized decree; and having done so if he fails or refuses to ask its correction any other citizen, designated by the statute as having a personal interest in the conduct of the business where located, may have the same reviewed under a writ of *certiorari.*

**Same:** MOTIVE OF PLAINTIFF. The motive of plaintiff in bringing an action to enjoin a liquor nuisance is immaterial, except as it may bear upon his veracity and credibility; the questions to be determined are whether plaintiff has statutory qualifications to bring the action, and whether defendant has in fact violated the law, and upon a finding of these facts an injunction should be entered irrespective of the plaintiff's motive in the prosecution.

**Certiorari:** REVIEW OF JUDGMENTS: CONSTRUCTION. In reviewing a decree upon *certiorari* the court will not consider the oral statements of the respondent at the time of entering the decree, nor the construction placed upon it by the parties, but will look entirely to the decree itself and the pleadings upon which it is based, and give it the construction which the usual significance of the language employed requires.

**Intoxicating liquors:** INJUNCTION: DECREE. In a proceeding to restrain a liquor nuisance the court has no authority to enter a decree upon agreement of the parties, restraining the further violation of the statute in certain respects, and in effect authorizing a continued violation in the other respects, as, the carrying on of the business without the consent of adjacent property owners; but upon a showing of a violation of the statute as charged the court should enter an absolute injunction from further prosecution of the business in any form.

*Certiorari to Dubuque District Court.*— HON. ROBERT BON-
SON, Judge.

THURSDAY, JULY 9, 1908.

THE opinion states the material facts. *Annulled* and *remanded.*

*Wm. Graham* and *Andrew P. Gibbs,* for petitioner.

No appearance for respondent.

WEAVER, J.— Briefly stated, the case is as follows: In April, 1907, one Thorne, a citizen of Dubuque, began an action in equity, alleging that certain persons, named as defendants therein, were maintaining a liquor nuisance on lot No. 295 in said city, and asking that the same be enjoined, as provided by statute. To this petition the parties charged with maintaining the nuisance appeared and defended, and after due hearing the court found that the allegations of the petition had been sustained, and entered a decree of perpetual injunction in words as follows (omitting title):

Now on this June 12, 1907, a regular day of said court, the above-entitled cause came on for hearing, J. C. Chalmers, appearing as counsel for plaintiff, and H. Michel, appearing as counsel for defendants, and the court, after duly considering the pleadings, proof offered, and statements of counsel, finds, in pursuance thereof, the allegations of plaintiff's petition to be sustained in the particulars hereinafter specially enjoined: It is therefore ordered, adjudged, and decreed by the court that the defendant occupants, Schaffhauser Bros., be and are hereby perpetually enjoined from maintaining and continuing the condition complained of in the saloon, upon the premises described as city lot No. 295, in the city of Dubuque, county of Dubuque, and State of Iowa, to the extent and in the particulars as follows: (1) From permitting or making sales of intoxicating liquors therein, or elsewhere, in any saloon in the Nineteenth judicial district, on the first day of the week, commonly called Sunday, or on the evening of such day, or general election days, and on Christmas. (2) From making sales of such liquors earlier than 5 o'clock a. m., or making sales later than 11 o'clock p. m., during the week days. (3) From knowingly making sales of such liquors to men who have taken the so-called cures for drunkenness, minors and drunkards. (4) From the sale of such liquors to any person whose wife,

husband, parent, child, brother, sister, guardian, ward over 14 years of age, or employer shall, by written notice, forbid the same. (5) From having any obscene pictures in said saloon. (6) From permitting gambling with cards, dice, billiards, by bowling, or by maintaining slot machines, in said saloon, or permitting music, dancing, or other like form of entertainment therein. (7) From establishing or conducting any new saloon without first obtaining a resolution of the city council of the city of Dubuque consenting thereto, and filing same with the county auditor. (8) From having any women employed in said saloon, from serving any free· lunches therein, and from conducting said saloon otherwise than in a quiet, orderly manner. (9) From conducting a saloon on the premises described herein, or elsewhere in this Nineteenth judicial district of Iowa, while holding any township, town, city, or county office to which he may hereafter be elected. (10) From allowing any wine rooms in or as a part of said saloon. (11) From the sale of such liquors in the saloon on the premises herein described, in any other than a single room, and from erecting or maintaining screens or blinds in front of said saloon or obstruct the view from the street, except that blinds or screens not more than five feet in height, measuring from the sidewalk, may be maintained during the times when sales are not otherwise herein prohibited. (12) The defendant owner, Geo. Schaffhauser, is hereby perpetually enjoined from knowingly permitting any violation of the terms of this decree in the saloon upon the said described premises. (13) Judgment is hereby rendered against the defendant occupant Schaffhauser Bros. for the costs of this action, taxed at $————, including the statutory attorney's fee of $25 for plaintiff's attorney, and the same shall be and remain a lien against the premises herein described until fully paid, and execution shall issue therefor unless sooner paid.

ROBERT BONSON, Judge of Said Court.

It will be observed that this decree does not enjoin the defendants from continuing to keep and sell intoxicating liquors upon the premises; but, on the contrary, in form and substance, it presupposes the continuance of the business. The injunction goes no further than to regulate such busi-

ness in certain particulars. It does not recite or find that the provisions of the mulct law so called had ever been complied with by the county or State, or that the defendants had in any manner attempted to observe the conditions necessary to entitle them to the protection of said statute. While enjoining some of the acts forbidden by the statute, it directly or inferentially permits others, which are no less positively forbidden, even where the mulct law is in force. See Code, section 2448. For instance, it not only leaves the defendants at liberty to sell, but to continue the sales until eleven o'clock at night, to put up screens five feet high at the windows of the saloon, to provide the room with chairs, benches, and tables, to conduct the business without bond, and without the consent of the adjacent property owners, and in many other ways it ignores the express provisions of the statute. Thereafter, neither party named in said proceedings having appealed, and the time for such appeal having expired, the plaintiff herein, a citizen of the State and county, and owner of property adjoining the lot on which the business was being maintained, applied to this court for a writ of *certiorari* to review said decree. The writ being allowed and served, the judge presiding at the rendition of the decree made return and answer thereto as follows:

First, denies the jurisdiction of this court to consider and pass upon the validity of the decree; second, alleges that the writ is not sued out in good faith by the petitioner, but to compel the defendants in the decree to purchase her property at an exorbitant price; third, that the decree was entered by the consent of the parties and counsel, and with the oral statement of the court, and the understanding by all persons concerned, that it was not to be regarded as a permit or license to violate the law of the State.

Other matters are averred having no relevancy to the complaint made, except to make clear the good faith of the respondent, but his good faith not having been assailed by

the petitioner, and not being questioned by this court, we shall not take time to recite them here.

The first and only serious question suggested relates to the right of the petitioner, or any other person than the plaintiff named in the injunction proceeding, to sue out a writ for a review of the decree. It may be conceded that, as a general rule, *certiorari* will not issue at the demand of one who is not named as a party to the proceedings in which the judgment or order sought to be reviewed was entered. But this is by no means universally true. If the petitioner for the writ is a party in substance, though not in form, he may have the writ. So, also, if the matter to be reviewed is one which affects the public generally, an individual citizen may ordinarily invoke the remedy of *certiorari*. *Collins v. Davis,* 57 Iowa, 256; *Goetzman v. Whitaker,* 81 Iowa, 527. For a still stronger reason it follows that the same remedy is open to the individual citizen who suffers peculiar injury by reason of a judgment or order entered in excess of jurisdiction. *People v. Andrews,* 52 N. Y. 445; *Dyer v. Lowell,* 30 Me. 217; *State v. Rose* (N. D.) 58 N. W. 514; *Tallon v. Hoboken,* 60 N. J. Law, 212 (37 Atl. 895); *State v. Paterson,* 34 N. J. Law, 163; *State v. Neptune City,* 57 N. J. Law, 362 (30 Atl. 529).

1. CERTIORARI: who may institute proceedings.

While the injunction proceeding was brought in the name of an individual citizen, such plaintiff acted in a representative capacity only, and the decree rendered therein is primarily one for the protection of public interests. The plaintiff in such proceeding has neither the right nor the power to consent to the entry of a decree which shall operate as a license or permit for the maintenance of a nuisance for the abatement or prevention of which this remedy was created. The statute gives the right to maintain injunction proceedings to any citizen of the county. Code, section 2406. And if, having brought suit, the plaintiff permits an unauthorized decree to be en-

2. SAME: liquor nuisance: review of decree.

tered to the prejudice of the public, and fails or refuses to seek its correction, we see no good reason why under this provision, and under the principle we have approved in *Goetzman v. Whitaker, supra,* and other cases, any other citizen may not appear and, upon proper showing of his qualifications, be permitted to have the same reviewed under a writ of *certiorari.*

Under the statute of Rhode Island making it necessary for an applicant for a liquor license to give notice of his application to the owners of land within two hundred feet of the building where the business was to be carried on, it was held that an order granting license, without the proper service of such notice could be reviewed upon *certiorari* at the suit of any owner within the prescribed limit, though not served with notice. In disposing of that case the court says: " *Certiorari* lies, not only to review the decisions of the inferior courts, but also the determinations of special boards exercising a judicial power affecting the rights or property of citizens, where no other legal remedy is provided. It is not necessary that the applicant should be a party to the record, but only that he should be interested in the subject-matter upon which the record acts." *Dexter v. Council,* 17 R. I. 222 (21 Atl. 347). Under our own statute (Code, section 2448), a liquor dealer, wishing to avail himself of the benefits of the mulct law, must, among other conditions obtain a written statement of consent therefor from all the resident freeholders owning property within fifty feet of the building where the business is carried on. The petitioner herein is the resident owner of the property adjoining the place where the liquor nuisance is maintained, and therefore, in addition to her interest as a representative of the public, she also has a special interest in the question whether such business shall be permitted within the prescribed distance of her premises. She thus comes clearly within the rule of the Rhode Island case, the propriety and justice of which cannot well be questioned. See, also *State*

*v. Heege*, 37 Mo. App. 338. We are therefore disposed to hold that the petitioner shows herself entitled to maintain this proceding.

We are also very clear that the objection, made by the respondent, denying the good faith of the petitioner, and alleging that her real interest in suing out the writ is to com-

3. SAME: motive of plaintiff.

pel the purchase of her property by the defendants, is one we are not authorized to consider. The motive with which such an action is brought is a matter of no materiality. The simple question presented in such proceeding is, first, whether the plaintiff is a citizen of the county, and therefore has the qualification which the statute prescribes; and, second whether the defendants, are, in fact, conducting the business of keeping or selling intoxicating liquors contrary to law at the place described in the petition. These facts being found to exist, it is the plain duty of the court to enter a decree for the relief demanded, without any consideration whatever as to the motive which may have actuated the plaintiff to bring the suit. Motive and self-interest on part of one who prosecutes another for violation of law may always be considered as bearing upon the veracity and credibility of the complainant as a witness in the case, but they can never operate to release or excuse the offender from the penalty which the law affixes to his act.

Neither can we consider the oral statements of the respondent at the time of entering the decree, nor the construction placed upon such decree by the parties thereto. We

4. CERTIORARI: review of judgments: construction.

must look to the decree alone in the light of the pleadings upon which it was rendered, and give it construction according to the ordinary and usual significance of the language employed. When thus read, it is, in effect, a license or permission for the defendants therein named to continue the business complained of, subject only to the restrictions which are therein prescribed.

It is too clear for argument that such a decree is un-authorized by law, and that the district court in entering it acted in excess of its jurisdiction. If we may read between the lines of this record, it is not unfair to say that the decree appears to have been the result of a compromise between the persons seeking to enforce the statutes of the State against the illegal sale of intoxicants and those resisting such enforcement. The persons engaged in such prosecution may have been, and doubtless were, acting in entire good faith, and yielded to the compromise believing that, under the peculiar circumstances, it was better to obtain this much relief than to further continue the litigation. It is equally possible and probable that the court adopted a similar view of the situation, and ratified the agreement of the parties by entering the decree. But neither good faith nor upright intention can give validity to a decree which the court has no jurisdiction to enter. If the defendants were selling liquor in violation of law, as charged by the plaintiff, there was but one thing which the court was at liberty to do, and that was to enjoin such parties absolutely from the further prosecution of the business in any manner or form. If they were not maintaining a nuisance, then no relief should have been granted, and the case should have been dismissed. We think it unnecessary to pursue the discussion any further.

5. INTOXICATING
LIQUORS: injunction: decree.

The writ must be sustained, and the decree of the district court is annulled and the cause is remanded to the said court for further proceedings in harmony with this opinion. ·

*Annulled* and *remanded.*