ELIZABETH HEMMER, Appellant, v. JAMES E. DUNLAVEY and ANNA LORENZ.

**Intoxicating liquors:** INJUNCTION: PLEA IN BAR: ABATEMENT. The pendency of another action is not ground for a plea in bar and by way of estoppel, but is only pleadable in abatement of a subsequent action; so that in a suit to enjoin the illegal sale of liquor the fact that a decree restraining the sale had been entered in another action, but was annulled on *certiorari*, was not a bar and afforded no defense to the later action for the same relief.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

THURSDAY, JULY 1, 1909.

ACTION in equity to enjoin defendants from keeping or maintaining certain premises described as a place for the sale of intoxicating liquors, and from unlawfully selling or keeping for sale such liquors on said premises. A temporary writ of injunction was asked, and on hearing

the writ was denied. From the ruling denying a temporary injunction, the plaintiff appeals.—*Reversed.*

*William Graham* and *Andrew P. Gibbs,* for appellant.

*J. P. Franzen,* for Anna Lorenz, appellee.

McCLAIN, J.—The evidence introduced on the hearing of the application for a temporary injunction showed without dispute the sale of intoxicating liquors by the defendant Dunlavey in the building described in the petition, admitted to be the property of defendant Lorenz. The grounds of resistance to the granting of an injunction were that another action in which the same relief was asked, brought by the same plaintiff against the same defendants, was pending in the same court, and that intoxicating liquors were being kept and sold on said premises in strict compliance with a former decree of the said court, entered in an action brought by one C. M. Thorne against the defendant Dunlavey, in which action one John J. Keane had been substituted for said Thorne as plaintiff, which decree was entered on June 12, 1907.

The pendency of another action by this same plaintiff against these defendants was pleaded in bar and by way of estoppel; but, as no injunction had been issued in that case, the pendency of such action did not deprive the court of jurisdiction to proceed. The pendency of another action is pleadable in abatement only. Code, section 3642. A writ of temporary injunction was refused by the court, "it appearing, among other matters, that a decree was entered granting a permanent injunction against the same defendants and the same premises in the action brought by Thorne as plaintiff, in which Keane had been substituted." But that decree was held subsequently to be invalid, and was annulled in a *certiorari*

proceeding in this court. See *Hemmer v. Bonson,* 139 Iowa, 210. As the former decree was therefore a nullity, it afforded no defense which the court should have considered in the present action. No other ground than that relied upon by the lower court is found in the record justifying the refusal to grant a preliminary injunction. As already stated, there was evidence of sales of intoxicating liquor on the premises of defendant Lorenz, and it is not claimed that these sales were lawful unless they were authorized by the previous decree; and as that decree was not valid it furnished no protection for such sales, either in favor of the person who made them or of the owner of the premises on which they were made.

Appellee Lorenz has transmitted to this court what purports to be a certified transcript of proceedings in the case of Keane against these defendants, above referred to, subsequent to the time of the refusal of the trial court to grant the preliminary injunction now complained of, which it is claimed shows that the business of selling liquor is no longer conducted on the premises of defendant Lorenz. But this showing was not made in the record of this appeal; neither has it been relied upon as a ground why the appeal should be dismissed. Indeed, the certification of the record referred to has not in any proper way been made a part of the record in this case; and we can not consider it in determining this appeal. It must be presumed that the record of this appeal presents all the proceedings in the lower court necessary to be considered in determining the correctness of the court's action, and for the reason pointed out the refusal to grant a preliminary injunction appears to have been erroneous.

The order of the court is therefore *reversed.*