In the matter of the Statement of Consent for the Sale of Intoxicating Liquors in Fort Dodge, Webster County, Iowa, R. E. ANDERSON, et al., v. Board of Supervisors of Webster County, Iowa, Defendants, T. H. WRIGHT et al., Interveners, Appellants.

Intoxicating liquors: CONSENT: APPEAL: INTERVENTION. Any citizen may intervene under the mulct law, on an appeal to the District Court from a finding that the statement of consent to the sale of liquor was insufficient, and defend the action of the board.

Same: STATEMENT OF CONSENT: WITHDRAWALS. Withdrawals of signatures from a statement of consent, or withdrawals of withdrawals, will not be considered after the board has begun the canvass of the petition.

*Appeal-from Webster District Court.*—HON. C. G. LEE, Judge.

Tuesday, April 9, 1912.

The facts are stated in the opinion.—*Reversed.*

*M. S. Odle,* for appellants.

*Price & Joyce,* for appellees.

Sherwin, J.—In December, 1910, there was filed with the county auditor of Webster county a statement of consent, asking that the sale of liquors be permitted in the city of Ft. Dodge. This statement had 1,198 signatures. Due and legal notice was given that the board of supervisors would begin the canvass of said statement at 8 o'clock a. m., January 14, 1911. The board met at the designated time, for the purpose of canvassing said statement. Just before the board took up the canvass of the statement, 206 written withdrawals from said statement were filed, 204 of which were afterwards allowed, which withdrawals were in the following form, so far as same are material to our present inquiry: "We . . . hereby request that our signatures be removed from said petition and not counted thereon, nor in any manner considered in favor of said petition." After these withdrawals were filed, but before the canvass was commenced, twenty-one withdrawals of withdrawals were filed, and on the same day, but after the canvass was commenced, other withdrawals of withdrawals were filed. The board did not complete the canvass on the 14th, and adjourned to the 18th of January. On that day, additional withdrawals of withdrawals were filed, making the total number of withdrawals from withdrawals seventy-nine. The board, by final resolution, rejected all of the withdrawals from withdrawals, allowing 204 of the withdrawals from the statement, and found the statement insufficient, because it did not bear the requisite number of signatures. The petitioners, the plaintiffs herein, appealed

to the district court, and in that court the appellants herein, the interveners, filed a petition, asking that they be allowed to intervene and resist the appeal of the petitioners, Anderson and others, and they were permitted to so intervene. The case was then tried in equity, and the statement of consent was found sufficient by the district court; the court holding that the withdrawals from withdrawals should be considered in determining the number of signatures to the statement of consent. The interveners appeal from such finding, and will be called appellants herein. The petitioners, Anderson and others, appealed from the order permitting the appellants to intervene; but they will be designated herein as appellees.

The appellees contend that there is no authority in the statute for the intervention, and that interveners' appeal should therefore be dismissed. We can not give our assent

1. INTOXICATING
LIQUORS: con-
sent: appeal:
intervention.

to this proposition. The mulct statute throughout recognizes the special interest therein of every citizen, and has attempted, at least, to provide a way by which any citizen of the county, wherein the protection of the statute is sought for the sale of liquor, may test the legality of all proceedings necessary to create the bar provided for therein. Section 2450 of the Code expressly provides that any citizen of the county may appeal from the action of the board of supervisors finding the statement of consent sufficient; and the same section also provides for an appeal by any party aggrieved from the finding of the board that the statement is insufficient. The evident purpose of the statute is to give the citizen, who is opposed to the sale of intoxicating liquors, and the party, who wants to sell it, or have it sold, under the provisions of the mulct law, both an opportunity to be heard in court; and, while the section does not, in express terms, say that the citizen may appear in the district court when an appeal has been taken from an order of the board, finding the statement insufficient, was

·think that the spirit and real intent of the statute is to permit the citizen to defend the action of the board in an appeal which shall be taken by the other side of the· controversy.   See, as sustaining this view, *Hemmer v. Bonson*, 139 Iowa, 210; *Brickley v. Westphal*, 134 Iowa, 266. Furthermore, as the mulct statute creates in every citizen' an interest as to ·whether it shall, or shall not, be effective in a given locality, we are inclined to the opinion that the interveners were properly before the district court, under the provisions of Code, section 3594.

The city poll books of the election were all filed in the auditor's office, without designation by the clerks or judges of election as to which were especially intended

2. SAME: statement of consent: withdrawals.

for permanent record in· the auditor's office; and on the trial the district court admitted a book, or books, which the auditor had marked "City Clerk's."   As a ·determination of the correctness of this ruling can not, in any way, affect the result in this case, we do not determine the question.   Nor do we determine whether the twenty-one withdrawals from withdrawals, which were filed before the canvass was· commenced, should have been disregarded by the district court, as they were by the board of supervisors; for, even if it be conceded that they were properly considered by the district court as removing from the original withdrawals twenty-one names, it could not change the final result here.   All of the other withdrawals from withdrawals were filed after the canvass of the statement had been commenced, and, under the rule recently announced *In re Consent to Sell Intoxicating Liquors in City of Oskaloosa*, 155 Iowa, 149, they should not have been given effect by the court; and if they are not effective to change the number of original withdrawals the statement of consent was insufficient.   The papers filed as withdrawals from withdrawals stated that the original withdrawals were not expressions of true desire in the matter, and "that

it is my firm and final desire in the matter that my name remain on said statement of consent, and that I be counted as such by the board of supervisors of Webster county, Iowa, when said statement is canvassed." Counsel seek to avoid the effect of the holding in the *Oskaloosa case* by attempting to distinguish between the two forms of withdrawal from withdrawal; but in our judgment, no such distinction can justly be made. The effect of both would be the same. The Oskaloosa case was fully considered, and we have no inclination to depart from the rule therein announced, after full discussion in the opinion. The judgment of the trial court must therefore be *reversed*.