STATE OF IOWA ex rel. JOHN B. HAMMOND, Petitioner, v. J. C. BEEM, Judge, Respondent.

CERTIORARI: Review—Scope. A writ of certiorari will not be sustained when to so do would effect no change in the status of the subject-matter in controversy. So held where the writ was brought to test the legality of an actual dismissal of search warrant proceedings wherein alleged intoxicating liquor had been seized.

Headnote 1:    11 C. J. p. 110.

*Certiorari to Waterloo Municipal Court.*—J. C. BEEM, Judge.

FEBRUARY 16, 1926.

ORIGINAL proceeding in certiorari to test the validity of an order and judgment made by respondent in dismissing an information for a liquor search warrant.—*Writ discharged.*

*George Y. Hammond* and *W. F. Russell,* for petitioner.

*W. A. Cook* and *F. W. Edwards,* for respondent.

DE GRAFF, C. J.—This is a certiorari to an order and judgment by the municipal court of Waterloo, Iowa. The issue is whether the respondent exceeded its jurisdiction in making the following order:

"Dismissed on motion of the county attorney. Costs taxed to county. Liquor seized ordered returned to Ralph Beck."

The facts as disclosed by the return show that, on July 1, 1924, Ray Scott, state agent of the department of justice, filed a sworn information for a liquor search warrant in the municipal court of Waterloo, Iowa, against Ralph Beck and certain intoxicating liquors. A search warrant was issued on the same day, and on July 2, 1925, it was executed, and the return of service by the officer conducting the search recites that "seventeen quarts of home brew" were seized by virtue of said warrant.

On July 8, 1924, a notice of liquor seizure signed by a judge of the municipal court of Waterloo, Iowa, was served upon Ralph Beck by posting a copy thereof on the building described in said notice and by leaving a copy thereof at the last known place of residence of Ralph Beck, who is designated in said notice as the owner or keeper of the seized liquor. Said notice fixed July 16, 1924, at 10 o'clock A. M., as the date for a hearing on the forfeiture of the seized home brew. No affidavit or claim of ownership was filed. The respondent judge dismissed the cause on the motion of the county attorney, and upon his statement to the court that he and the relator (Ray Scott, plaintiff in the search warrant proceedings) "did not believe that the evidence procured under the search warrant would secure a conviction, and for that reason the court sustained the motion of the county attorney and dismissed the case."

The respondent has filed a motion to quash the writ of certiorari. The respondent challenges the right of the instant petitioner, as a self-constituted relator in this action, to sue out a writ for a review of the order and judgment entered by the respondent court, when the only averment in his petition is "that he is a resident, a citizen, and a taxpayer of the state of Iowa and interested in the enforcement of law in this state," and when it is not alleged or shown that he is a resident or taxpayer of Waterloo, Black Hawk County, Iowa, the venue of the original action, or that he has any interest in the proceeding, or will suffer any injury different from others similarly situated. In view of the determinative proposition presently noted, and the filing of the motion to quash, subsequent to the return, we deem it unnecessary to rule this point.

The contention of petitioner is predicated on Section 1984, Code of 1924, which reads:

"If no person appears and claims such liquors, instruments, utensils, or materials, at least three days prior to the day set for the forfeiture hearing, the magistrate shall enter an order of forfeiture on default on the date set for the hearing."

If we concede, without determining, that this provision of the law is mandatory, the sustaining of the writ of certiorari heretofore issued from this court would not be effectual to change the status of the situation. The only result would be to declare an abstract proposition of law, to serve as a precedent for future cases. The order of dismissal in the case at bar is final. There is nothing further that the trial court can now do in the premises.

In the case of *Hemmer v. Bonson,* 139 Iowa 210, the jurisdiction of this court to pass upon the validity of the decree entered by the trial court was questioned by the respondent. Although the petitioner was not a party to the original action, he was a citizen and resident of Dubuque County, in which the action had its venue, and was, also, the owner of real estate adjoining the lot on which the saloon subject to injunction was being maintained. Under such circumstances, we held that the petitioner was a proper party; and, since the trial court exceeded its jurisdiction in entering a decree contrary to statutory provisions, the writ of certiorari was sustained, and the cause was remanded to the district court, with mandate to enter a decree in harmony with the filed opinion.

In the case at bar, the annulment of the order of the respondent court dismissing the cause and returning the home brew to Ralph Beck, the occupier of the premises, would have no effect on the action complained of by the petitioner. The very essence of the case in the court below has vanished, and no act of this court, under the instant circumstances, can cause a rehabilitation of the cause.

Wherefore, the writ is—*Discharged.*

EVANS, ALBERT, and MORLING, JJ., concur.