# IN THE SUPREME COURT OF IOWA

No. 08–1258

Filed June 25, 2010

**MARTIN L. WATERS** and **LESLIE WATERS,**

    Appellees,

vs.

**STATE OF IOWA,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Madison County, Martha L. Mertz, Judge.

The State appeals from an order by the district court directing the case to be scheduled for trial. **DECISION OF COURT OF APPEALS VACATED AND DISTRICT COURT ORDER AFFIRMED.**

Thomas J. Miller, Attorney General, and Richard E. Mull and Robin G. Formaker, Assistant Attorneys General, for appellant.

Dean T. Jennings of Jennings Law Firm, Council Bluffs, and Jerry W. Katskee of Katskee, Henatsch & Suing, Omaha, Nebraska, for appellees.

**CADY, Justice.**

In this appeal involving an action brought by two plaintiffs against the State of Iowa and other defendants to recover personal injuries resulting from a motor vehicle accident, we must decide whether any claims against the State remained for trial after the district court granted summary judgment for the State so as to support a subsequent order by the district court directing the State to proceed to trial. We transferred the case to the court of appeals, who affirmed the order of the district court. Upon our review, we vacate the decision of the court of appeals and affirm the order of the district court.

## I.  Background Facts and Proceedings.

A severe winter storm swept across western and central Iowa on February 8, 2004, including the area where Interstate 80 traverses Madison County. The storm continued to batter the area into the evening and early morning hours of the following day, producing surface ice and substantial amounts of snow and blowing snow. Driving conditions on Interstate 80 deteriorated to the point where the Iowa State Patrol issued a ban on towing operations for portions of the interstate, including the area between mile markers 97 and 100 in Madison County.

Donald Deeds was driving his Jeep Cherokee west on Interstate 80 between mile markers 97 and 100 around 2:30 a.m. on February 9, when he lost control and slid off the traveled portion of the roadway. The vehicle landed on its side in the median between the west and eastbound lanes. Deeds was not hurt. He abandoned his vehicle when a passing motorist provided him a ride to a nearby motel. Deeds called 911 and informed the operator of the accident.

Between 3 a.m. and 4 a.m. on February 9, Trooper Jody Elliott of the Iowa State Patrol came upon Deeds' vehicle while on patrol. He

stopped to investigate. He determined the Jeep was within the median, no persons were at the scene, and the vehicle did not present a hazard to traffic. He left and resumed his patrol.

Around 5:15 a.m., Lance Madsen was driving his Ford Expedition on Interstate 80. A passenger, Martin Waters, was sleeping in the front passenger seat. As Madsen approached the area where Deeds had abandoned his vehicle, he lost control of his vehicle, and it collided with the Jeep. Waters was injured as a result of the accident.

Waters filed a lawsuit against Deeds, Madsen, and the State of Iowa for the injuries he sustained in the accident. He separately included the department of transportation and the department of public safety as defendants.[1] His wife joined him in the lawsuit, claiming loss of spousal consortium. Liability against the State was predicated on the claims that the State failed to remove the Deeds' vehicle, failed to remove the snow from the roadway, and failed to warn or otherwise protect Waters from the hazard created by the snow and the Deeds vehicle. In their petition, the Waters alleged the following particulars of negligence against the State and the two departments: (1) failure to timely remove an obstruction (Deeds' vehicle) from the highway; (2) failure to timely remove snow and ice from the highway; (3) failure to protect the traveling public; (4) failure to warn of an obstruction; (5) failure to warn of a slippery condition of the roadway; and (6) failure to follow snow, ice, and obstruction removal policies. The Waters claimed the department of

---

[1]Under the Iowa Tort Claims Act, lawsuits are not authorized against a state agency. Iowa Code § 669.16 (2003). In this case, the State eventually sought to remove the departments as named defendants, and the district court subsequently ordered the claims to proceed against the State of Iowa. Notwithstanding, the State's application for permission to appeal in advance of final judgment in this case separately named "State of Iowa, Department of Transportation, and Department of Public Safety" in its caption as defendants. We nevertheless name only the State of Iowa as the defendant-appellant in this appeal.

transportation and the department of public safety had statutory duties to remove vehicles that obstructed highway travel.

The State moved for summary judgment. It claimed the material facts of the case were not in dispute, and it was entitled to judgment as a matter of law. The State asserted multiple grounds in support of its motion. It first claimed the department of public safety had no duty to remove the Deeds vehicle, warn of the presence of the Deeds vehicle, or otherwise protect the Waters from the Deeds vehicle. It next claimed the State was immune from claims of negligence relating to the failure to remove the Deeds vehicle and the failure to properly maintain the highway and warn of dangers presented by disabled vehicles. In particular, the State asserted the department of public safety was immune from liability under the discretionary function doctrine for the claim of failing to remove the Deeds vehicle. It further asserted the discretionary function doctrine also immunized the department of transportation from liability derived from its responsibilities to keep the highway free of snow and ice. It further claimed the State did not breach its duty of care because it had no reasonable notice and opportunity to remove the Deeds vehicle prior to the accident as a matter of law. The State also claimed the Waters failed to exhaust all administrative remedies before filing their tort claim against the State, as required by law. The Waters contested the claims and provided evidence from an expert witness that the Deeds vehicle was actually located on the traveled portion of the roadway at the time of the accident.

The district court entered a ruling on the motion for summary judgment by addressing each ground for summary judgment raised by the State. It first held the Waters failed to provide notice to the department of transportation of their negligence claims based on their

allegations of failure to remove the snow and properly maintain the highway. It next held the State had no duty to remove the Deeds vehicle and prevent the accident. The court further held the negligence claims involving failure to remove the Deeds vehicle, failure to protect the public by closing the highway, and failing to remove the snow and ice from the highway involved discretionary acts that did not give rise to liability against the State under the Iowa Tort Claims Act. Additionally, the court found the claims involving the failure to warn and failure to remove the ice and snow did not give rise to liability under the statutory exemptions to the assignment of fault to the state for failing to perform such acts. *See* Iowa Code § 668.10(1)–(2) (2003) (providing governmental immunity for snow removal and traffic control device placement). Finally, the court concluded a jury question was presented on the State's claim that it had no reasonable notice and opportunity to remove the Deeds vehicle prior to the accident. The district court entered an order granting summary judgment on all claims raised by the State, but denied summary judgment on the issue of reasonable notice and opportunity. This order was entered on January 15, 2008.

Following the order, the Waters sought to mediate a resolution of the lawsuit with all parties. The State declined to participate in mediation, asserting no claims were pending against the State following the order granting summary judgment. The remaining parties proceeded to mediation.

On July 17, 2008, the Waters filed a motion asking the district court to clarify the summary judgment order and reschedule the case for trial. On July 28, the district court entered a calendar order declining to "change its ruling" and directing a new date be set for trial.

The State made application for an appeal from the order directing the case to proceed to trial. We granted permission to appeal and transferred the case to the court of appeals.

On appeal, the State claims the district court erred in ordering the State to proceed to trial after granting summary judgment. The Waters assert the district court only granted partial summary judgment. They argue its claim of negligence involving a failure to remove the Deeds vehicle survived summary judgment because it was separated into two claims, and the summary judgment ruling by the district court only dismissed one of the two claims. The court of appeals affirmed the order of the district court and remanded for trial. The State sought, and we granted, further review.

## II. Standard of Review.

This appeal requires us to decide if the district court erred in ordering the State to trial after granting summary judgment. We do not review the merits of the underlying summary judgment ruling, but are tasked with interpreting the judgment to determine whether the order issued in response to the motion for clarification of the judgment improperly directed the State to proceed to trial. Consequently, our review is for correction of errors at law. Iowa R. App. P. 6.907.

## III. Resolution of Appeal.

The district court has power to change a judgment it has rendered by correcting perceived legal or factual errors, or to construe or interpret the judgment so that the record accurately expresses what was previously done.[2] *See Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000)

---

[2]The power to change a judgment can only be exercised while the district court has jurisdiction over the case and the parties. *Carroll v. Martir*, 610 N.W.2d 850, 857 (Iowa 2000). Additionally, the power should only be exercised with proper notice to the parties. *McVay v. Kenneth E. Montz Implement Co.*, 287 N.W.2d 149, 150 (Iowa 1980).

(reiterating district court's power to correct perceived errors in its own judgments); *see also Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007) (explaining purpose of nunc pro tunc order is to correct a clerical error so that the judgment reflects what was actually done). In this case, the district court declined to exercise its power to change or construe the summary judgment in response to the motion for clarification. Instead, the district court merely directed the parties to proceed to trial. The State claims this directive constituted legal error because the prior summary judgment rendered by the district court disposed of all claims brought by the Waters against the State. Thus, our task on appeal is to construe the summary judgment ruling entered by the district court to determine if any claims against the State survived the summary judgment. The State's application for interlocutory appeal did not challenge the merits of this summary judgment ruling. To the contrary, the State's application expressed its belief that the legal effect of the summary judgment ruling terminated the action brought against it by the Waters as it requested.

A court decree is construed like any other written instrument. *Local Bd. of Health v. Wood*, 243 N.W.2d 862, 865 (Iowa 1976). The determinative factor in construing a court decree is the intent of the court, which is derived from all parts of the judgment. *Id.* We strive to construe a judgment consistent with the language used in the judgment. *Hemmer v. Bonson*, 139 Iowa 210, 217, 117 N.W. 257, 259 (1908). If the meaning of the decree is ambiguous, we resort to the pleadings and other proceedings to clarify the ambiguity. *Sutton v. Schnack*, 224 Iowa 251,

_____

Importantly, a district court cannot use its power to correct a perceived error in a judgment by exercising its power to construe the judgment. *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007) (noting a court may not use a nunc pro tunc order to change the decision by correcting a judicial error).

257, 275 N.W. 870, 873 (1937). In the end, we seek to give effect to those matters that are implied as well as express. *Rinehart v. State*, 234 N.W.2d 649, 656 (Iowa 1975).

The parties agree that most of the legal claims asserted by the Waters to support liability against the State did not survive summary judgment. The Waters, however, maintain their allegation of negligence involving the failure of the department of transportation to remove the Deeds vehicle was not addressed in the summary judgment. The State asserts this particular claim was addressed and disposed of in two separate divisions of the summary judgment ruling. First, it asserts the district court disposed of the claim when it ruled that the State had no actionable duty to the Waters to remove the Deeds vehicle under the public duty doctrine. *See Kolbe v. State*, 625 N.W.2d 721, 729 (Iowa 2001) ("We have routinely held that a breach of duty owed to the public at large is not actionable unless the plaintiff can establish, based on the unique or particular facts of the case, a special relationship between the State and the injured plaintiff . . . ." (Emphasis omitted.)). Second, the State asserts the district court disposed of the claim when it ruled that the State was immune from any liability based on its failure to remove the Deeds vehicle under the discretionary function doctrine. *See* Iowa Code § 669.14(1) (2003) (providing statutory immunity for State actors when performing discretionary functions). We resolve both claims by first considering whether the district court intended to rule that the State and all its governmental subdivisions and actors had no actionable duty to the Waters to remove the vehicle.

In determining the intended scope of the district court's summary judgment ruling, we begin by looking to the allegations of negligence contained in the petition filed by the Waters together with the grounds

asserted by the State to support summary judgment. Importantly, the grounds for negligence alleged by the Waters in the petition included the failure of the "department of transportation and department of public safety" to timely remove the Deeds vehicle from the highway. Clearly, the State's motion for summary judgment sought judgment on the claim for negligence pertaining to the failure to remove the Deeds vehicle, but the motion did so only on two grounds. The State argued no "special relationship" existed "between the department of public safety" and the Waters to support the imposition of an actionable duty for the State to remove the Deeds vehicle. It further argued "the State did not have a reasonable opportunity" to remove the vehicle prior to the accident.

The motion for summary judgment reveals the State's argument, that it had no duty to the Waters, was based entirely on the department of public safety's responsibility, at the direction of the state trooper, to remove the Deeds vehicle. The State did not additionally argue in the motion for summary judgment that the department of transportation, a separate governmental subdivision, also had no duty to the motoring public to remove disabled vehicles. *See Koehler v. State*, 263 N.W.2d 760, 765 (Iowa 1978) (recognizing duty of department of transportation to remove obstructions on highways); *see also* Iowa Code § 313.36 ("Primary roads shall be maintained by the department [of transportation] . . . ."); *id.* § 319.1 ("The department [of transportation] . . . shall cause all obstructions in highways . . . to be removed.").[3] In resisting the motion for summary judgment, the Waters asserted "the

---

[3]The legislature repealed chapter 319 in 2006. 2006 Iowa Acts ch. 1097, § 19. The chapter was rewritten and reorganized in chapter 318 of the 2007 Code, and it remains there currently. *See* Iowa Code ch. 318 (2009). The amended version grants immunity to the county board of supervisors and department of transportation for claims related to removal of highway obstructions. *Id.* § 4 (codified at Iowa Code §§ 318.4, 318.5(4) (2009)).

State" had an actionable duty to remove vehicles from highways because a special relationship was created with the motoring public pursuant to section 321.356. *See id.* § 321.356 (authorizing peace officers to move or cause to be moved a vehicle standing upon a highway). Consequently, while the Waters' claim for negligence for failure to remove the vehicle targeted both the actions of the department of transportation and the department of public safety, the summary judgment proceedings pertaining to this ground of negligence was only directed at the actions of the department of public safety.

The pleadings and summary judgment proceedings are important in our search for intent because they put the language of the summary judgment ruling in context. This context, in turn, reveals the district court only intended to address the existence of a duty imposed on the State through the department of public safety when it concluded the law did not impose a duty on the State to remove the Deeds vehicle. Moreover, the summary judgment ruling contained no directive expressing an intent to expand its judgment beyond the context of the pleadings.

Similarly, we reject the State's argument that the Waters' claim for negligence predicated on failing to remove the Deeds vehicle did not survive summary judgment under the district court's alternative finding that the State was immune from any liability derived from its decision to refrain from towing or removing the Deeds vehicle. In its motion for summary judgment, the State argued it was immune from liability based on claims involving the exercise of discretionary immunity on the part of the department of public safety and its employees, as well as the department of transportation and its employees. However, the claim of immunity urged by the State pertaining to the department of

transportation's exercise of discretionary functions was argued solely in the context of the department of transportation's decision to refrain from removing snow and ice from the highway and refraining from closing the highway to motorists. The State did not additionally argue it was immune from liability for claims involving the department of transportation's decision not to tow or remove the Deeds vehicle. Moreover, the district court did not use any language in its ruling to extend the grant of summary judgment based on immunity to the decision by the department of transportation to refrain from towing or removing the Deeds vehicle. Thus, both the context of the summary judgment proceedings and the language of the district court ruling revealed the district court did not intend to include the Waters' negligence claim based on the department of transportation's failure to remove the Deeds vehicle.

All the language in the district court ruling concerning the absence of an actionable duty of care on the State to support negligence and the existence of immunity for the State, while sounding as a grant of complete summary judgment, did not apply to the Waters' specific claim for negligence based on the failure of the department of transportation to remove the Deeds vehicle when placed in its proper context. Additionally, the district court did not otherwise expressly or impliedly declare the claim was included in the judgment.[4] Under such

---

[4]The Waters assert the district court's intent to exclude the claim for negligence involving the department of transportation's failure to remove the Deeds vehicle from the summary judgment was further revealed when the district court rejected the State's argument that it had no reasonable opportunity to remove the Deeds vehicle. The Waters argue the district court would not have addressed the issue without impliedly recognizing an underlying duty of the department of transportation to remove the vehicle. While such a deduction could be made, it is equally likely that the district court could have simply ruled on each alternative ground to make a full and complete ruling for the purposes of appeal.

circumstances, we cannot find any intent for the district court to have granted complete summary judgment.

Nevertheless, the State asserts the Waters failed to argue and identify the presence of a separate claim for liability based on the department of transportation's failure to remove the Deeds vehicle during the proceedings before the district court, which now precludes them from asserting the presence of such a claim on appeal to affirm the decision of the district court. We recognize our preservation-of-error rule that appellate courts will not consider a matter raised for the first time on appeal, even if it is the only basis to uphold the ruling of the district court. *DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002). Yet, we are construing a court decree in this case, not deciding the merits of the ruling. Moreover, there was no reason for the Waters to identify their separate claim of liability based on the department of transportation's failure to remove the Deeds vehicle in resisting the motion for summary judgment when the State never attacked this claim as grounds for summary judgment.

Finally, the State argues the law does not recognize a duty for the department of transportation to remove disabled vehicles from a highway during a snowstorm of the magnitude experienced at the time of the accident that gave rise to the proceedings in this case. It asserts that any thoughtful analysis of the law and the undisputed facts about the paralyzing weather conditions at the time of the accident would lead to the conclusion that no State agency responsible for the maintenance of highways was negligent for failing to remove the Deeds vehicle prior to the accident. The State's argument addresses a judgment on the merits that has not yet been rendered by the district court. Our role in this

appeal is not to rule on claims not presented to the district court, but to construe the judgment entered by the district court.

**IV. Conclusion.**

We have considered all claims raised by the State. We vacate the decision of the court of appeals and affirm the calendar entry order entered by the district court.

**DECISION OF COURT OF APPEALS VACATED AND DISTRICT COURT ORDER AFFIRMED.**