# IN THE COURT OF APPEALS OF IOWA

No. 17-0687
Filed July 18, 2018

**TU HA,**
    Plaintiff-Appellant,

**vs.**

**CMP TACTICAL LAZER TAG,**
    Defendant-Appellee,

**AKA TACTICAL LASER TAG, L.L.C. and ESCAPE CHAMBERS, L.L.C.,**
    Intervenors-Appellees.

_____

Appeal from the Iowa District Court for Polk County, David M. Porter, Judge.

A plaintiff appeals an order prohibiting her from levying assets of intervenors. **AFFIRMED.**

Sarah M. Baumgartner and Nathaniel R. Boulton of Hedberg & Boulton, P.C., Des Moines, for appellant.

Spencer S. Cady of Nyemaster Goode, P.C., Des Moines, for appellees AKA Tactical Laser Tag, L.L.C. and Escape Chambers, L.L.C.

Heard by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**POTTERFIELD, Judge.**

Tu Ha appeals an order prohibiting her from levying assets from a property on Sixth Street in Des Moines, operating as AKA Tactical Laser Tag, L.L.C. (AKA) and Escape Chambers, L.L.C. (Escape Chambers), to satisfy her workers' compensation judgment against CMP Tactical Lazer Tag (CMP). On appeal, Ha argues she should be allowed to levy assets from the property because AKA, CMP, and Escape Chambers are all the same business and because the claimed sales transaction between the three businesses was fraudulent.

**I. Background Facts and Proceedings.**

This dispute stems from an injury Ha suffered in January 2014. Ha was working as a referee for laser tag at the Sixth Street location when she was hit in the eye with a laser gun. She suffered a concussion and was admitted to the hospital. Ha later suffered from post-concussive headaches, anxiety, depression, and interrupted sleep-wake cycles.

The parties dispute whether Ha is entitled to enforce her judgment against CMP also against AKA and EC. According to Ha, she was hired in November 2013 by AKA and continued working at the same facility on Sixth Street after her injury until April 2014. In early 2014 the facility rebranded itself as CMP, making announcements on its Facebook page regarding the name change and ordering new branded t-shirts. AKA now claims Ha was never an employee. Ha ceased working at the laser tag business in April.

Ha contacted CMP regarding her medical bills and attempted to obtain tax documents from them. She did not get a reply from CMP. Ha hired an attorney and filed a workers' compensation petition against CMP in September 2014, giving

the Sixth Street address.  In November, Ha filed and served a petition against AKA providing a Wisconsin address.[1]   The record includes a letter from Workforce development to AKA in Wisconsin.  AKA claims it responded with a letter to the workers' compensation commission from Kerry Poznanski, with a copy to Ha's attorney requesting the letter be treated as an answer and stating she did not "believe" Ha was an employee of AKA.  The AKA petition was assigned the same case number as the previously filed CMP petition.  The agency case proceeded with a caption including only CMP.  AKA claims it did not receive further notices or communication regarding Ha's claim.  CMP did not participate in the workers' compensation hearing; CMP failed to file an appearance, motion, answer, or other pleading.  Default was entered against CMP only; the arbitration decision in August 2015 limited its findings because of the default, stating: "As an entry of default has been entered against defendant, the issues of existence of an employer-employee relationship and whether claimant sustained an injury on January 19, 2014 that arose out of and in the course of employment will not be discussed."  Ha was awarded workers' compensation benefits, interest, medical expenses, costs, and penalty benefits against CMP in an arbitration decision in August 2015.

Ha still received no communication from CMP.  She filed a motion for entry of judgment against CMP in November 2015 at the district court; she did not request judgment against any other entity.  The court entered a judgment against CMP for Ha's damages in January 2016.  Ha unsuccessfully attempted to garnish CMP's bank accounts.  In September, Ha attempted to levy assets located at the

---

[1] Ha did not include the workers' compensation commission file in the appendix.

property on Sixth Street in Des Moines. The property owner claimed the levy was unenforceable because the order was against CMP and the building is leased by AKA and Escape Chambers.

Ha filed a motion to clarify the enforceability of the levy, arguing successor liability against AKA and Escape Chambers. AKA and Escape Chambers filed a motion to intervene and a resistance to Ha's motion, arguing they are distinct entities from CMP and the judgment was entered against CMP alone. After hearing argument and receiving affidavits the district court allowed Ha to submit documentary evidence to support her claim all three entities are related. Ha submitted copies of three checks made out to her from "AKA Tactical Laser Tag" dated February and March 2014. The court accepted the Intervenors' claim the checks were not payroll checks because they did not reveal withholding information. On April 10, 2017, the district court entered an order prohibiting Ha from levying assets at the property on Sixth Street. The court found Ha did not demonstrate a connection between CMP, AKA, and Escape Chambers at the time of her injury. The court found the judgment entered against CMP does not extend to the property on Sixth Street, AKA, or Escape Chambers. Ha appeals.

**II. Standard of Review.**

In a law action tried to the court, we review the district court's decision for correction of errors at law. *Wolf v. Wolf*, 690 N.W.2d 887, 892 (Iowa 2005). We also review an order in response to a motion for clarification for correction of errors at law. *Waters v. State*, 784 N.W.2d 24, 28 (Iowa 2010). The district court's findings are binding when supported by substantial evidence. *Wolf*, 690 N.W.2d at 892. "Evidence is substantial if reasonable minds would accept it as adequate

to reach a conclusion." *Schlegel v. Ottumwa Courier*, 585 N.W.2d 217, 221 (Iowa 1998). "In determining whether substantial evidence exists, we view the evidence in the light most favorable to the district court's judgment." *Chrysler Fin. Co. v. Bergstrom*, 703 N.W.2d 415, 418 (Iowa 2005).

### III. Discussion.

"The district court has power to change a judgment it has rendered by correcting perceived legal or factual errors, or to construe or interpret the judgment so that the record accurately expresses what was previously done." *Waters*, 784 N.W.2d at 28. Here, the district court declined to change its ruling to correct Ha's perceived factual error. The district court found AKA, CMP, and Escape Chambers are not all the same entity and refused to allow Ha to levy assets at the property on Sixth Street. Because the district court's conclusion is supported by substantial evidence, we affirm the order of the district court.

On appeal, Ha argues she should be granted the authority to levy assets from the property because AKA, CMP, and Escape Chambers are all the same business. Ha argues when a business is sold, a corporate successor is typically not liable for the transferring corporation's debts and liabilities, but liability does attach when the buyer is a "mere continuation" of the seller or when the transaction amounts to fraud. *Pancratz v. Monsanto Co.*, 547 N.W.2d 198, 200–01 (Iowa 1996). Ha argues CMP and Escape Chambers are both a mere continuation of AKA and the claimed sales transaction amounts to fraud. Ha states that all three businesses operated out of the same facility, with the same phone number, same business model, and same owners and managers. She argues some of the same

employees she worked with are still employees today. Ha argues the name changes were done to avoid paying her.

To succeed on her claims of successor liability under the fraud exception, Ha must prove the claimed sales transaction between AKA, CMP, and Escape Chambers was fraudulent. *Lumley v. Advanced Data-Comm, Inc.*, No. 09-0224, 2009 WL 2514084, at *4 (Iowa Ct. App. Aug. 19, 2009). "The elements of fraud are: (1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, (7) resulting injury and damage." *Id.* Ha has not provided evidence to show that a transaction took place between AKA, CMP, or Escape Chambers. Without a showing that a transaction took place, Ha cannot prove the transaction was fraudulent.

To succeed on her claims of successor liability under the mere continuation exception, Ha must prove that AKA was sold to CMP and later to Escape Chambers. Iowa courts apply the mere continuation exception in situations where there is continuity of management and ownership between the buying and selling corporations. *Pancratz*, 547 N.W.2d at 201. We have not applied the exception where the buying and selling corporations have different owners. *Id.*

AKA presented evidence that it is a limited liability company with its principal office located in Waukesha, Wisconsin. Kerry Poznanski is the sole member and registered agent. In December 2013, AKA opened a laser tag facility at the property on Sixth Street.

Ha states that AKA became CMP in March 2014—after her injury. She submitted a screenshot of a Facebook post made by AKA on March 3, 2014, stating "AKA Combat Entertainment Des Moines IS NOW CMP Tactical Lazer Tag

Des Moines." She also submitted a screenshot of Aaron Larimer writing "New Shirts for CMP! AKA Combat Entertainment is now CMP Tactical Laser Tag Des Moines! New name . . . new shirts!!!" Additionally, Ha submitted a screenshot from a website titled "AKA Combat Entertainment & CMP Tactical Lazer Tag Merge." The article stated that "these two tactical laser tag super powers have merged into one company: CMP Tactical Lazer Tag." It explained the color scheme would change, there would be new props and gameplay, and a quicker timeline on getting new products.

Poznanski's affidavit states that AKA and Escape Chambers have no common ownership or interest with CMP. She states that AKA entered into a business relationship with CMP from March 2014 to January 2015, where AKA utilized CMP's brand to operate its gaming platform, arena, and style of play. During that time AKA continued to do its own banking, financing, leases, taxes, insurance, and payroll as AKA.

CMP is owned and operated by Cale Miles, L.L.C., a Wisconsin corporation. Cale Miles, L.L.C. is owned by Miles Iverson. Escape Chambers was formed in February 2016 and operates on the lower level of the property on Sixth Street. Kerry Poznanski is the sole member of Escape Chambers. AKA continues to operate a laser tag business in the upper levels.

Ha has not submitted any evidence to indicate that CMP has common owners or interests with AKA or Escape Chambers. Without any evidence of continuity of ownership, Ha cannot prove that the mere continuation exception to successor liability applied. *See id.* at 202. She has not submitted evidence

disputing Poznanski's assertion that AKA merely used the name, branding, and style of play of CMP, but continued to operate independently as AKA.

Ha has not submitted any evidence to prove that there was a fraudulent transaction between AKA, CMP, and Escape Chambers, or that CMP and Escape Chambers are a mere continuation of AKA. Ha has not proven any exception to the rule of successor liability applies, and we decline to hold AKA and Escape Chambers responsible for the judgment rendered against CMP.

There is substantial evidence supporting the district court's conclusion that Ha failed to show a connection between CMP, AKA, and Escape Chambers. Thus, we affirm the district court's denial of Ha's request to expand the judgment against CMP to include AKA, Escape Chambers, or assets located at the property on Sixth Street. Ha argues she was an employee of AKA, but did she not pursue her workers' compensation claim against AKA. Because we find the workers' compensation claim and judgment are solely against CMP, and Ha has failed to show successor liability, we affirm the district court without prejudice to Ha's alternative post-judgment remedies pursuant to Iowa Code section 630.1.

**AFFIRMED.**