# IN THE COURT OF APPEALS OF IOWA

───────────────

No. 24-1340
Filed April 1, 2026

───────────────

**Chad Michael Reed,**
Plaintiff–Appellee,

v.

**Dean Edward Anderson,**
Defendant–Appellant.

───────────────

Appeal from the Iowa District Court for Jefferson County,
The Honorable Crystal S. Cronk, Judge.

───────────────

**AFFIRMED**

───────────────

Steven E. Ort of Bell, Ort & Liechty, New London, attorney for appellant.

Matthew J. Adam, Nicholas Petersen, and Ryan C. Shellady (until withdrawal) of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, attorneys for appellee.

───────────────

Considered without oral argument
by Tabor, C.J., and Ahlers and Langholz, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

In 2016, Chad Reed and Dean Anderson entered a contract for the sale of farmland that Reed had been renting from Anderson for several years. The contract called for Reed to purchase the land by paying Anderson $165,200 in exchange for a warranty deed. The agreement did not include a closing date. Reed paid Anderson $50,000 in earnest money, as required by the contract. A title opinion revealed multiple liens on the property. Anderson failed to clear the liens and did not tender a warranty deed. Reed continued to farm the land while he waited for Anderson to fulfill Anderson's end of the bargain.

In 2020, Reed petitioned for specific performance to effectuate the transfer of the property to him. Anderson filed a counterclaim based on unjust enrichment seeking rent for Reed's continued use of the land. Following a trial, the district court concluded that the purchase contract was valid and Anderson was not entitled to cash rent, rejecting his unjust enrichment claim. The court ordered Anderson to allow Reed's attorney to try to negotiate the release of the remaining liens on the property and then deliver a warranty deed to Reed upon payment of the remaining purchase price. It also provided a means for Reed to recover the $50,000 in earnest money should Anderson fail to secure marketable title to convey to Reed.[1] Neither party appealed that order.

In 2024, Anderson filed a "petition for declaratory ruling." He contended that Reed owed cash rent for the period since the contract was signed and, since Reed had not paid it, the unpaid balance should be credited against the $50,000 earnest money payment. According to Anderson, this left only $122 of the earnest money to go toward the purchase price. He sought the court's declaration that the

---

[1] The order stated:

> In the event that Defendant is unable to transfer the property by Warranty Deed on or before September 1, 2025, the contract is cancelled. Pending final closing or cancellation of the contract, Plaintiff is entitled to continue to farm the real estate under the terms set forth in Exhibit B with credit for payments and amortized therein.

amount owed to him on the contract was $165,018[2] and Reed owed him an additional $6,675 for Reed's continued use of the property.[3] He also claimed Reed had repudiated the contract by refusing to pay this theorized amount Anderson calculated.

At Anderson's request, the same judge who presided over the 2020 proceedings also presided over the hearing on his declaratory judgment petition. At the end of that hearing, the judge noted that she had gone through the record to familiarize herself with the case and clarified that the balance due is $115,200— $165,200 minus the $50,000 earnest money already paid. In its written order, the court made clear that Anderson "is not entitled to any cash rent from [Reed] from the date the parties entered into the contract for the sale of the property going forward."

Anderson then filed an Iowa Rule of Civil Procedure 1.904(2) motion arguing that Reed should be required to pay him interest on the $115,200 "that has remained due since May 19, 2016," and reimburse him for property taxes he paid since they entered the contract. In total, he argued that Reed owed him an additional $66,553 in interest and tax reimbursement. Reed resisted the motion, and the district court denied it. Anderson appeals.

Because this appeal stems from the district court's interpretation of its prior order and the purchase contract, we review for legal error. *See Van Sloun v. Agans Bros., Inc.*, 778 N.W.2d 174, 178–79 (Iowa 2010) (recognizing our standard of review in "a declaratory judgment action depends upon how the action was tried to the district court"); *Waters v. State*, 784 N.W.2d 24, 27–28 (Iowa 2010) (providing that a district court ruling interpreting a judgment is reviewed for legal

---

[2] Anderson's petition stated the purchase price was $165,200 reduced by a $122 credit from the remaining earnest money for a total of $165,018. We note that $165,200 minus $122 is $165,078, not $165,018.

[3] Anderson alternatively sought the court's declaration that the contract is cancelled by Reed's refusal to tender the full purchase price and Anderson's specific performance is nullified by that.

error).  "Under this standard of review, the trial court's findings carry the force of a special verdict and are binding if supported by substantial evidence.  We are not, however, bound by the trial court's legal conclusions."  *Van Sloun*, 778 N.W.2d at 179 (internal citation omitted).

When interpreting a court order, we interpret it "like any other written instrument," and we look to the entirety of the order to determine the court's intent.  *See TSB Holdings, L.L.C. v. Bd. of Adjustment*, 913 N.W.2d 1, 16 (Iowa 2018).  "Moreover, we seek to give force to those matters that are clearly implied, as well as expressed."  *Id.*

With respect to the district court's interpretation of its prior order, Anderson contends that the district court failed to account for the exhibit referenced under the original order's provision describing what would happen should Anderson not be able to transfer the warranty deed to Reed by September 1, 2025.  That provision stated:

> In the event that [Anderson] is unable to transfer the property by Warranty Deed on or before September 1, 2025, the contract is cancelled.  Pending final closing or cancellation of the contract, [Reed] is entitled to continue to farm the real estate under the terms set forth in Exhibit B with credit for payments and amortized therein.

Exhibit B is a letter that was admitted during the 2020 proceeding.  It contained an amortization table showing how Reed would be compensated for his $50,000 earnest money payment should the sale not go through and he continued to rent the property from Anderson.[4]  Anderson argues that by referencing this exhibit, the district court's order meant that unpaid annual rents chipped away at the $50,000 earnest money each year that the transaction was not completed until

---

[4] The amortization table included interest calculations at the rate of 5 percent per annum.  The district court later modified the interest rate that would apply from 5 percent to 2.08 percent per annum to comport with Iowa Code section 668.13 (2020) following a motion to reconsider filed by Anderson.

4

essentially nothing remained of it, necessitating Reed's payment of that money again to complete the sale.

But Anderson fails to account for the fact that exhibit B amounted to a contingency plan for *Reed* to be reimbursed should the sale not go through. It was never intended that Anderson could delay the sale for years, devaluing the earnest money payment under the schedule, and then seek payment of that money again to complete the sale. Doing so would function as cash rent, which the court rejected in its original order.[5] Moreover, under Anderson's interpretation, he could essentially drive up the purchase price by delaying the completion of the sale for years because his interpretation would decrease the value of the earnest money payment the longer he delayed the transaction and required Reed to make "rent" payments to him.

On our review of the record, we find no legal error to correct. The district court correctly interpreted its own prior order. It is clear that the only payment that remained due was $115,200. The original order's reference to exhibit B does not permit Anderson to deduct annual rent from the $50,000 *and* complete the sale.

Next, Anderson argues that the district court erred in denying his rule 1.904(2) motion requesting the court order Reed to pay him interest on the outstanding balance of $115,200 and reimburse him for property taxes he paid on the property since they entered the contract. But Anderson failed to raise these arguments to the district court earlier. Parties cannot raise an issue for the first time in a rule 1.904(2) motion, and doing so does not preserve error on that issue. *Winger Contracting Co. v. Cargill, Inc.*, 926 N.W.2d 526, 543 (Iowa 2019); *Mitchell v. Cedar Rapids Cmty. Sch. Dist.*, 832 N.W.2d 689, 695 (Iowa 2013) ("It is well-settled that a party fails to preserve error on new arguments or theories raised for

---

[5] The order stated, "No agreement for payment of the cash rent was entered into by the parties. This Court declines to retroactively develop one."

the first time in a posttrial motion."). So Anderson has failed to preserve this claim for our review.[6]

Because there is no error before us to correct, we affirm.

**AFFIRMED.**

---

[6] Moreover, the original order from the 2020 proceedings never ordered Reed to make such payments. And Anderson never appealed from that order.